**Walter Wayne SIGFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–00–503–CR.**

Court of Appeals of Texas, Beaumont.

Submitted Oct. 29, 2001.

Decided Nov. 7, 2001.

Discretionary Review Refused April 10, 2002.

---

* *Ex parte Elizondo,* 947 S.W.2d 202, 215 (Tex. Cr.App.1997) (Womack, J., dissenting to denial of rehearing).

Stephen C. Taylor, Humble, for appellant.

Scott Rosekrans, Dist. Atty., Coldspring, for state.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

Walter Wayne Sigford pleaded guilty to the felony offense of Manufacture of a Controlled Substance. Sigford and the State agreed to a punishment recommendation of fifteen (15) years confinement in the Institutional Division of the Texas Department of Criminal Justice. The record reflects that the trial court followed the punishment recommendation and assessed the fifteen (15) year term of incarceration. Appellant filed a general notice of appeal. Appellant later filed an amended notice of appeal adding his wish to appeal "the voluntariness of his GUILTY plea."

Neither notice of appeal complies with Tex.R.App. P. 25.2(b)(3) in that neither notice specifies that the appeal is for a jurisdictional defect of the trial court, nor that the substance of the appeal was raised by written motion and ruled on prior to trial, nor that the trial court granted Sigford permission to appeal. Because Sigford's notices of appeal do not comply with Rule 25.2(b)(3), our jurisdiction to entertain his appeal has not been invoked. *See Cooper v. State,* 45 S.W.3d 77, 81 (Tex.Crim.App. 2001). As this Court lacks jurisdiction to consider any matters raised by Sigford in his direct appeal, our only recourse is to dismiss the appeal.

APPEAL DISMISSED.

DON BURGESS, Justice, dissenting.

I respectfully dissent. I first note that the State questioned our jurisdiction in a motion to dismiss, but also acknowledges this court's opinion in *Barton v. State,* 962 S.W.2d 132 (Tex. App–Beaumont 1997, pet. ref'd). Moreover, I disagree in part with the majority's determination that we have no jurisdiction here.

Because Sigford appeals from a judgment rendered on a plea of guilty pursuant to a plea bargain agreement, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, we must consider whether Sigford's notice of appeal is sufficient to confer jurisdiction on this Court. Here, Sigford filed a general notice of appeal and then an amended notice to appeal "the voluntariness of his GUILTY plea." He did not comply with the provisions of Rule 25.2(b)(3), which requires a notice of appeal to state expressly that (1) the appeal is for a jurisdictional defect, (2) the substance of the appeal was raised in writing and ruled on before trial, or (3) the trial court granted permission to appeal. *See* Tex.R.App. P.

25.2(b)(3). The Texas Court of Criminal Appeals recently held that the court of appeals lacks jurisdiction to consider an appeal, even for voluntariness issues, where the appellant has failed to comply with the notice requirements of Rule 25.2(b) after having pleaded guilty in a plea-bargained, felony case. *See Cooper v. State,* 45 S.W.3d 77, 81 (Tex.Crim.App. 2001). The *Cooper* Court also notes that meritorious claims of involuntary pleas may be raised by other means, such as a motion for new trial and habeas corpus. *Id.* at 82. Accordingly, I would agree with the majority that this Court does not have jurisdiction to address Sigford's appeal if it were based upon the voluntariness issue. However, the issue raised is that the sentence is void.

In *Vidaurri v. State,* 49 S.W.3d 880 (Tex.Crim.App.2001), a case decided even more recently than *Cooper,* the Texas Court of Criminal Appeals found the court of appeals erred in concluding that it lacked jurisdiction to consider appellant's claim because of the prohibitions of Rule 25.2(b)(3). *Vidaurri,* 49 S.W.3d at 885. Because the *Vidaurri* appellant's claim that he was deprived of a separate punishment hearing did not challenge his conviction, but rather challenged "the process by which he was sentenced, an issue 'unrelated to [his] conviction,'" the court of appeals had jurisdiction to consider that matter, as the limitations of Rule 25.2(b)(3) do not apply in such cases. *Id.* at 885 (citing *Feagin v. State,* 967 S.W.2d 417, 419 (Tex. Crim.App.1998)). And more recently still, in *Kirtley v. State,* 56 S.W.3d 48 (Tex. Crim.App.2001), the Texas Court of Criminal Appeals determined that "[a] claim of ineffective assistance of counsel *at the punishment hearing* after adjudication of guilt is 'unrelated to' a claim regarding the propriety of the conviction. There is nothing to prohibit appellant from claiming ineffective assistance of counsel during the punishment hearing on appeal.... The Court of Appeals erred in holding otherwise." *Kirtley,* at 51 (quoting *Vidaurri,* 49 S.W.3d at 885(emphasis in original)). Here, Sigford challenges not the "propriety of his conviction" but rather the "process by which he was sentenced," *i.e.,* that the trial court improperly sentenced him to a void punishment, *i.e.,* no fine was assessed. I would find we have jurisdiction to consider the issue.

Sigford pleaded guilty to the charge of manufacturing methamphetamine in the amount of 400 grams or more. This is a "hybrid" first degree felony, punishable by confinement of not less than fifteen nor more than 99 years or life in the Texas Department of Criminal Justice—Institutional Division *and* a fine not to exceed $250,000. *See* Tex. Health & Safety Code Ann. § 481.112(f) (Vernon Supp.2001) (emphasis added). The agreed punishment, and the punishment assessed, was fifteen years' confinement and *no* fine. As noted in *Barton,* this was a void sentence. Therefore, I would sustain Sigford's issue, reverse the judgment and sentence and remand the cause to the trial court for a new trial. *See Barton,* 962 S.W.2d at 139.