In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-358 CR


____________________



RANDALL FULTON LeGROS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Court Cause No. 82517






MEMORANDUM OPINION



 Randall Fulton LeGros was charged with arson. See Tex. Pen Code Ann. § 28.02
(Vernon Supp. 2002). Pursuant to a plea bargain agreement, he was placed on ten years'
deferred adjudication and fined $500.00. 

 LeGros filed a verified motion for new trial alleging that he was insane at the time
of the offense, that evidence of his insanity was not presented by defense counsel, that he
was not guilty of the offense charged, and that he did not freely and voluntarily enter his
plea. The trial court denied the motion without a hearing seven days after it was filed. 
LeGros filed a general notice of appeal. In his sole issue LeGros contends the trial court
erred in failing to conduct an evidentiary hearing on the motion. 

 We are required to first address our jurisdiction in this case. Appellate Rule
25.2(b)(3) prescribes the form and sufficiency of a notice of appeal in a criminal case taken
from a judgment rendered on defendant's plea of guilty or nolo contendere when the
punishment assessed does not exceed the punishment recommended by the prosecutor and
agreed to by the defendant. See Tex. R. App. P. 25.2(b)(3). In such instance, the notice
of appeal is required to specify: A) that the appeal is for a jurisdictional defect; B) that the
substance of the appeal was raised by written motion and ruled on before trial; or C) that
the trial court granted permission to appeal. The notice here does not comply with the
Rule. The record shows a plea bargain, with the State's agreed recommendation being ten
years' deferred adjudication and the trial court's judgment in conformity therewith. In
Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001), the Court of Criminal Appeals
held that a notice which does not comply with the requirements of 25.2(b)(3), fails to
invoke the jurisdiction of the court of appeals. (1) 

 As this court lacks jurisdiction to consider any matters raised by LeGros, we must
dismiss the appeal. See Sigford v. State, 72 S.W.3d 679, 680 (Tex. App.--Beaumont
2001, pet. ref'd).

 APPEAL DISMISSED.

 PER CURIAM


Submitted on September 24, 2002

Opinion Delivered October 16, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, J.J.












1. We note that in Donovan v. State, 68 S.W.3d 633, 638 (Tex. Crim. App. 2002),
the Court of Criminal Appeals held that where deferred adjudication is ordered, the trial
court has no authority to consider a motion for new trial before adjudication.