In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-343 CR


____________________



JAMES RAY HAMPTON III, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Court Cause No. 71376






O P I N I O N


 This appeal follows the trial court's revocation of the deferred adjudication
community supervision of appellant James Ray Hampton III and the adjudication of his
guilt. 

 In July of 1997, Hampton pleaded guilty to the first degree felony offense of
aggravated sexual assault. See Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2002). In
August of 1997, the trial court deferred adjudication of guilt and placed Hampton on
community supervision for ten years. In July of 2000, the trial court found that Hampton
had violated two conditions of his probation, adjudicated his guilt, and sentenced him to
fifty years in the Texas Department of Criminal Justice, Institutional Division.

 Appointed appellate counsel filed a brief asserting that the record reflects no
reversible error. The brief is in compliance with Smith v. Robbins, 528 U.S. 259, 120
S.Ct. 746, 145 L.Ed.2d 756 (2000), Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,
18 L.Ed. 493 (1967), and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978).
Hampton then filed a pro se brief, along with a supplement, in which he alleges five points
of error, summarized as follows:

 Issue One: Evidence of Hampton's violation of the community supervision
order is legally and factually insufficient. 


 Issue Two: Trial counsel rendered ineffective assistance in preparation for
and in representing appellant during the hearing on the motion to adjudicate
guilt. 


 Issue Three: Hampton's due process rights were violated because he was
deprived of a preliminary hearing and other rights under Fed. R. Crim. P.
32.1(a)(1). 


 Issue Four: The trial court's sentence of fifty years was excessive. 


 Issue Five: Appointed counsel on appeal was ineffective. 


As explained hereafter, we have jurisdiction over only two of the five points of error.

 The record shows that Hampton was granted deferred adjudication community
supervision as part of an agreed plea bargain. An appellant who seeks to invoke the
appellate court's jurisdiction and to appeal a conviction obtained as a result of such an
agreed plea bargain must comply with the requirements of Tex. R. App. P. 25.2(b)(3). 
See White v. State, 61 S.W.3d 424, 428-429 (Tex. Crim. App. 2001). The rule provides
that if the sentence does not exceed that recommended by the prosecutor and agreed to by
the defendant, the notice of appeal must specify that the appeal is for a jurisdictional
defect, specify that the substance of the appeal was raised by written motion and ruled on
before trial, or state the trial court granted permission to appeal. Tex. R. App. P.
25.2(b)(3). The Court of Criminal Appeals has held, generally, that Rule 25.2(b)(3) is
applicable in the plea bargain, guilty plea, deferred adjudication context. See Watson v.
State, 924 S.W.2d 711, 714-715 (Tex. Crim. App. 1996), limited by, Vidaurri v. State,
49 S.W.3d 880, 884-885 (Tex. Crim. App. 2001). Hampton's Notice of Appeal is a
general notice that does not meet the requirements of Rule 25.2(b)(3). Thus, we do not
have jurisdiction to address those issues relating to pre-adjudication procedure (1) or
adjudication of guilt. See Tex. R. App. P. 25.2(b)(3); see also Vidaurri, 49 S.W.3d at 885
(Under a general notice of appeal from a defendant who pleaded guilty pursuant to a plea
bargain, appellate court could consider only matters "unrelated" to the conviction, such
as the failure by the trial court to afford defendant the right to put on punishment evidence
after adjudication of his guilt.). Hampton's points of error one, two, and three represent
a challenge to either the pre-adjudication process or to the conviction itself, rather than to
a matter unrelated to the conviction, such as the sentencing process. Under Rule
25.2(b)(3), we do not have jurisdiction to address them. Issues one, two, and three are
overruled. 

 Even if Rule 25.2(b)(3) did not bar Hampton's "conviction-related" points of error, 
article 42.12, section 5(b), would do so. The section states that "[n]o appeal may be
taken" from a trial court's determination to adjudicate guilt when a condition of community
supervision has been violated. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)
(Vernon Supp. 2002). The Court of Criminal Appeals has stated, "[W]e have tried to
make clear that, given the plain meaning of Article 42.12, § 5(b), an appellant whose
deferred adjudication probation has been revoked and who has been adjudicated guilty of
the original charge, may not raise on appeal contentions of error in the adjudication of guilt
process." Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999). Here,
appellant's first three points of error all relate to the trial court's determination to
adjudicate guilt.

 In point of error four, Hampton argues the fifty year sentence imposed by the trial
court is excessive. In light of Vidaurri, we find this point of error relates to the "process
by which he was sentenced" and not to the conviction itself. Thus, Rule 25.2(b)(3) does 
not apply to this issue, and we have jurisdiction to consider it under a general notice of
appeal. See Vidaurri, 49 S.W.3d at 885. However, Hampton has not preserved his claim
of excessive sentence, because he did not raise the "excessive punishment" issue when the
trial judge sentenced him to fifty years in prison and did not urge it in a motion for new
trial following the adjudication of guilt and imposition of sentence. See Tex. R. App. P.
33.1(a); see also Keith v. State, 975 S.W.2d 433, 433-34 (Tex. App.--Beaumont 1998, no
pet.). In any case, the fifty year punishment is within the punishment range allowed by
law and no evidence of disproportionality of the punishment was presented to the trial
court. See Tex. Pen. Code Ann. § 22.021(e) (Vernon Supp. 2002); Tex. Pen. Code
Ann. § 12.32 (Vernon 1994); see Diaz-Galvan v. State, 942 S.W.2d 185, 186 (Tex. App.--Houston [1st Dist.] 1997, pet. denied) (no record presented showing the error). 
Hampton's point of error on excessiveness of punishment is overruled. 

 In point of error five, Hampton contends his appointed counsel on appeal was
ineffective, because counsel filed an Anders brief that did not expand on the one issue ---
trial counsel's ineffective assistance --- that appellate counsel stated might have merit. 
Counsel indicated in his Anders brief that the claim of ineffective assistance of trial counsel
was not developed by the record below and therefore was not a claim to be pursued on
direct appeal. We agree. As Justice Baird stated in his often-quoted concurrence in
Jackson v. State, 877 S.W.2d 768, 772 (Tex. Crim. App. 1994), "[I]n order to effectively
argue an issue of ineffective assistance of counsel, a record focused on the conduct of trial
or appellate counsel should be developed. Such a record is generally best developed in the
context of a hearing held in relation to an application for writ of habeas corpus." 

 Moreover, Hampton's point of error relates to appellate counsel's failure to argue 
a matter that we do not have jurisdiction to address: namely the effectiveness of trial
counsel during the hearing on the determination of whether Hampton should be adjudicated 
guilty. We have no jurisdiction under Rule 25.2(b)(3) to consider issues relating to the
adjudication of Hampton's guilt or his conviction, including ineffective assistance of
counsel at that phase. See Kirtley v. State, 56 S.W.3d 48, 51-52 (Tex. Crim. App. 2001). (2) 
Without jurisdiction over that area of Hampton's appeal, there can be no error in appellate
counsel's decision to not raise an issue on it. 

 Hampton also contends appellate counsel did not keep him informed regarding his
case. Other than Hampton's unverified and unsworn comment in his brief, there is nothing
in the record to establish that claim. We overrule point of error five. 

 We have no jurisdiction to consider Hampton's points of error one through three;
although we have jurisdiction, under Vidaurri, to address his fourth point of error on
excessive punishment, he has waived it. As to point of error five, there is no merit to it. 
We dismiss the appeal in part and affirm the conviction.

 APPEAL DISMISSED IN PART AND CONVICTION AFFIRMED. 



 _________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on February 5, 2002

Opinion Delivered February 13, 2002

Do Not Publish


Before Walker, C.J., Burgess, and Gaultney, JJ.

1. Hampton claims his due process rights were violated because the procedures
required by Rule 32.1 of the Federal Rules of Criminal Procedure were not followed. We
simply note that the Federal Rules of Criminal Procedure do not govern the procedures of
Texas courts. Other due process issues raised by Hampton relate to the trial court's
determination to adjudicate guilt and the propriety of his conviction -- issues over which
we have no jurisdiction.
2. We do have jurisdiction to consider issues that are "unrelated" to a claim regarding
the propriety of the conviction. Kirtley, 56 S.W.3d at 51-52; see also Vidaurri, 49 S.W.3d
at 884.