In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-00387-CR

____________


DAVID DANA STRNAD, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 9400718






OPINION ON REMAND

 On February 2, 1994, appellant pled guilty to indecency with a child. In
accordance with the terms of a plea bargain agreement, the trial court deferred
adjudication of guilt and placed appellant on community supervision for seven years. 
On February 18, 2000, the State filed a motion to adjudicate guilt, to which appellant
entered a plea of true. The trial court found appellant guilty of indecency with a child
and assessed punishment at confinement for five years.

Background


 On February 18, 2000, appellant filed a general notice of appeal that did not
comply with the requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 25.2(b)(3). On February 8, 2001, we dismissed the
appeal for lack of jurisdiction. The Court of Criminal Appeals remanded the case
after issuing Vidaurri v. State, 49 S.W.3d 880 (Tex. Crim. App. 2001). We now
address the case in light of Vidaurri. 

 In points of error one through three, appellant argues that the condition of
supervision that prohibited all contact with children was unconstitutional as applied
to him because: (1) it was too vague and violates the due process clause of the U.S.
Constitution; (2) it intruded on his right of association; and (3) it interfered with his
right to religious freedom. In points of error four through five, appellant argues that
the condition of supervision that prohibited all use of the Internet was
unconstitutional as applied to him because: (1) it intruded on his right of free speech
and (2) it intruded on his right of association. In his sixth point of error, appellant
argues that the trial court abused its discretion in assessing punishment because it
relied on violations of unconstitutional conditions. In his seventh point of error,
appellant argues that his plea was involuntary. In his eighth point of error, appellant
argues that if any of his previous points of error have been waived by lack of
objection, appellant did not receive effective assistance of counsel. 

Conditions of Supervision


 In his first five points of error, appellant argues that his conditions of
supervision violated his constitutional rights. 

 To invoke our jurisdiction over an appeal, however, the appellant must give
timely and proper notice of appeal. White v. State, 61 S.W.3d 424, 428 (Tex. Crim.
App. 2001). If an appellate court's jurisdiction is not properly invoked, that court's
power to act is "as absent as if it did not exist." Id. Accordingly, dismissal of an
issue, or the entire matter, is appropriate if the form of the notice of appeal is
improper. Id.

 A defendant who pleads guilty or nolo contendere pursuant to a plea bargain
and is sentenced in accordance with that plea bargain must comply with the notice
provisions of Rule 25.2(b)(3) to perfect his appeal. Tex. R. App. P. 25.2(b)(3);
Cooper v. State, 45 S.W.3d 77, 78-79 (Tex. Crim. App. 2001). Rule 25.2(b)(3)
requires such a defendant in his notice of appeal to: (1) specify that the appeal is for
a jurisdictional defect; (2) specify that the substance of the appeal was raised by
written motion and ruled on before trial; or (3) state that the trial court granted
permission to appeal. Tex. R. App. P. 25.2(b)(3). The failure of an appellant to
follow Rule 25.2(b)(3) deprives an appellate court of jurisdiction over the appeal. See
White, 61 S.W.3d at 428-29 (holding that the failure to follow Rule 25.2(b)(3)(A)
was jurisdictional).

 Furthermore, Rule 25.2(b)(3)'s notice provisions apply to defendants who are
placed on deferred adjudication probation. Vidaurri, 49 S.W.3d at 884-85. For Rule
25.2(b)(3) purposes, "when a prosecutor recommends deferred adjudication in
exchange for a defendant's plea of guilty or nolo contendere, the trial judge does not
exceed that recommendation if, upon proceeding to an adjudication of guilt, he later
assesses any punishment within the range allowed by law." Id. at 885 (quoting
Watson v. State, 924 S.W.2d 711, 714 (Tex. Crim. App. 1996)). Thus, Rule
25.2(b)(3) controls an appeal, made either before or after an adjudication of guilt, by
a defendant placed on deferred adjudication who challenges an issue relating to his
conviction. Tex. R. App. P. 25.2(b)(3); Tex. Code Crim. Proc. Ann. art. 42.12 §§
5(b), 44.01(j); Vidaurri, 49 S.W.3d at 884-85. 

 In the instant case, appellant pled guilty to indecency with a child. The trial
court deferred his adjudication and placed him on community supervision for seven
years, pursuant to an agreed recommendation from the State. After adjudicating his
guilt, the trial court sentenced him to five years imprisonment, which was within the
range of punishment. Thus, appellant is subject to the requirements in Rule
25.2(b)(3). 

 Appellant filed a general notice of appeal but argues that it was sufficient
because his points of error are unrelated to his conviction. In Vidaurri, the Court of
Criminal Appeals held that if a defendant is appealing an issue which is unrelated to
his conviction, then Rule 25.2(b)(3) should not apply. Vidaurri, 49 S.W.3d at 884. 
It is therefore necessary to determine whether a complaint about community
supervision conditions are either related or unrelated to his conviction. (1)

 Appellant argues that, if we determine that the conditions of community
supervision are unconstitutional, we should reverse the trial court's decision to
adjudicate his guilt. The Texas Code of Criminal Procedure provides that a violation
of one or all of the conditions could result in an adjudication of guilt and subsequent
conviction. See Tex. Code Crim. P. Ann. art. 42.12(b). Clearly, a complaint about
a condition of community supervision is an issue related to the conviction because the
conditions and subsequent violations thereof, lead to a defendant's conviction. We
hold that a complaint about conditions of community supervision is an issue related
to the conviction. Accordingly, appellant had to comply with Tex. R. App. P.
25.2(b)(3). Because appellant only filed a general notice of appeal, we lack
jurisdiction over these points of error.

 We dismiss appellant's points of error one through five for lack of jurisdiction.

Punishment


 In his sixth point of error, appellant argues that the trial court abused its
discretion in assessing his punishment based on unconstitutional conditions of
probation. 

 After sentence was imposed, appellant made no complaint about punishment. 
Therefore, appellant's complaint is waived. Tex. R. App. P. 33.1(a)(1)(A). 

 We overrule appellant's sixth point of error.

Involuntary Plea


 In his seventh point of error, appellant argues that his plea was involuntary
because the conditions of probation breached the plea bargain agreement. 

 In Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001), the Texas Court of
Criminal Appeals construed Rule 25.2(b)(3) as being in harmony with Article 44.02. 
The court held that both Article 44.02 and Rule 25.2(b)(3) restrict the right of a
defendant appealing from the voluntariness of his plea without the trial court's
permission. Id. at 79. The record does not show that appellant received the trial
court's permission to appeal the voluntariness of his plea. Accordingly, we do not
have jurisdiction over this point of error.

 We dismiss appellant's seventh point of error for lack of jurisdiction.

Ineffective Assistance of Counsel


 In his eighth point of error, appellant argues that, if any of his previous points
of error have been waived, then his trial counsel was ineffective. 

 Appellant has the burden of proving his trial counsel was ineffective by a
preponderance of the evidence. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim.
App. 1999). Counsel's conduct is strongly presumed to fall within the wide range of
reasonable professional assistance, and appellant must overcome the presumption that
the challenged action might be considered sound trial strategy. Strickland v.
Washington, 466 U.S. 668, 688-89 (1984); Thompson, 9 S.W.3d at 813. To
overcome this presumption, a claim for ineffective assistance of counsel must be
firmly founded and affirmatively demonstrated in the record. Thompson, 9 S.W.3d
at 813-14. The record is best developed by an application for a writ of habeas corpus
or a motion for new trial. Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App.
1998); Kemp v. State, 892 S.W.2d 112, 115 (Tex. App.--Houston [1st Dist.] 1994,
pet ref'd). 

 In this case, the trial court held a hearing on his motion for new trial. Appellant
never raised ineffective assistance of counsel at the motion for new trial hearing. As
to these alleged instances of ineffectiveness, appellant has not overcome the strong
presumption that counsel's actions might have been sound trial strategy. Holland v.
State, 761 S.W.2d 307, 320 (Tex. Crim. App. 1988) (holding allegations of
ineffective assistance of counsel will be sustained only if they are firmly founded in
the record); Lagaite v. State, 995 S.W.2d 860, 864 (Tex. App.--Houston [1st Dist.]
1999, pet. ref'd) (holding that, although appellant filed a motion for new trial, he did
not raise an ineffective assistance of counsel claim; therefore, the court would not
speculate as to counsel's reasons for his actions).

 We overrule appellant's eighth point of error.

Conclusion


 We affirm the judgment of the trial court. 

 

 Adele Hedges

 Justice


Panel consists of Justices Hedges, Jennings, and Price. (2)

Do not publish. Tex. R. App. P. 47.4.

1. Issues that have been held to be unrelated to the conviction include: Being
deprived of a punishment hearing after adjudication of guilt, Vidaurri, 49
S.W.3d at 884, and claims of ineffective assistance of counsel in a punishment
hearing after an adjudication of guilt, Kirtley v. State, 56 S.W.3d 48, 51-52
(Tex. Crim. App. 2001). 
2. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.