In The



Court of Appeals



Ninth District of Texas at Beaumont


 


____________________


 


NO. 09-01-234 CR


____________________



ROBERT MONTANO, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Court Cause No. 78174


 




OPINION



 Pursuant to a plea bargain, Robert Montano pleaded guilty to aggravated assault. 
See Tex. Pen. Code Ann. §§ 22.02(a)(1) (Vernon 1994). The trial court deferred
adjudication of guilt, fined Montano $1,000, and placed him on community supervision
for five years. Subsequently, Montano pleaded "true" to three violations of his community
supervision order. The trial court adjudicated Montano guilty and sentenced him to eight
years in the Texas Department of Criminal Justice--Institutional Division. 

 After Montano filed a general notice of appeal, his counsel filed a brief in
compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). The brief concludes,
as do we, that no arguable error is presented. On March 7, 2002, Montano was given an
extension of time in which to file a pro se brief, which he has done. 

 On appeal, Montano raises two issues: involuntariness of his guilty plea and
ineffective assistance of counsel at the initial plea hearing and at the revocation hearing. 
To the extent Montano raises issues related to the process by which he was punished, we
have jurisdiction to address his appeal. See Kirtley v. State, 56 S.W.3d 48, 51-52 (Tex.
Crim. App. 2001); see also Vidaurri v. State, 49 S.W.3d 880, 884-885 (Tex. Crim. App.
2001). To the extent he raises matters relating to his conviction, we are deprived of
jurisdiction because of his failure to comply with the requirements of Tex. R. App. P.
25.2(b)(3). See White v. State, 61 S.W.3d 424, 428-29 (Tex. Crim App. 2001); see also
Cooper v. State, 45 S.W.3d 77, 78 (Tex.Crim. App. 2001). Furthermore, we note that
Montano cannot appeal the trial court's decision to adjudicate guilt. See Connolly v. State,
983 S.W.2d 738, 741 (Tex. Crim. App. 1999).

 Montano appears to argue that his counsel rendered ineffective assistance by failing
to present evidence regarding his mental condition during the punishment phase of the
revocation hearing. At the hearing on the State's motion to adjudicate, trial counsel stated
he had been remiss in not "properly looking at [Montano's] mental condition and his
history of psychiatric disorders." However, counsel also called the trial judge's attention
to Montano's mental health records already before the court and asked the court to
continue Montano's probation and put him on the mental health caseload. 

 In order to prevail on a claim of ineffective assistance, the record must affirmatively
demonstrate the alleged ineffectiveness. See Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999). On this record, we cannot say that trial counsel's strategy regarding
presentation of any additional evidence relating to punishment was ineffective. See
Jackson v. State, 877 S.W.2d 768, 772 (Tex. Crim. App. 1994) (Baird, J., concurring). 
Moreover, appellant did not file a motion for new trial supplying any evidence of
ineffectiveness. We overrule appellant's issue regarding ineffective assistance of counsel
at the punishment phase.

 We have reviewed the clerk's and the reporter's records and find no arguable error
requiring us to order appointment of new counsel. See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991). Appellant's appeal is dismissed in part; the remaining issue
is overruled. 

 APPEAL DISMISSED IN PART; AFFIRMED IN PART.

 _________________________________

 DAVID B. GAULTNEY


Submitted on October 14, 2002

Opinion Delivered December 18, 2002

Do Not Publish


Before Walker, C.J., Burgess, and Gaultney, JJ.






























 

DISSENTING OPINION


 I respectfully dissent. By addressing Montano's issue regarding ineffective
assistance of counsel, this issue is an "arguable" one, therefore we should follow the
procedure outlined in Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991):

 After an attorney files a proper Anders brief (which should be filed with a
request for withdrawal from the case) and the appellant is afforded an
opportunity to respond, the Court of Appeals--not the attorney--must conduct
its own investigation of the record to discover if there are arguable grounds. 
If grounds are deemed arguable, the Court of Appeals then must abate the
appeal and remand the case to the trial court with orders to appoint other
counsel to present those and any other grounds that might support the appeal. 


 Consequently, we should abate this appeal and remand the case to the trial court with
orders to appoint other counsel to present this and any other grounds that might support
the appeal. Accordingly, I dissent.




 DON BURGESS

 Justice


Dissent Opinion

December 18, 2002

Do Not Publish