NUMBER
13-02-065-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

GARY DAVIS,                                                                      Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                         On
appeal from the 28th District Court

                                  of
Nueces County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

                  Before
Justices Hinojosa, Castillo, and Kennedy[1]

                                 Opinion
by Justice Kennedy

 








Appellant was indicted on one count of aggravated sexual assault of a
child and two counts of indecency with a child. 
Based upon an agreement with the State, he entered a plea of guilty in
exchange for ten years= deferred adjudication
community supervision and a $1,000 fine. 
Subsequently, the State filed a motion to revoke probation alleging a
number of violations.  At a hearing on
the motion to revoke, appellant pleaded Atrue@ to all of the counts
and admitted to each of the alleged violations. 
At the punishment phase of the hearing, appellant was called by his
counsel to testify and he did, making a plea for understanding of all of the hardships
he had faced while on probation.  At the
conclusion of the hearing, the State argued for twenty years= confinement, however
the court assessed punishment at ten years. 
         Appellant=s brief contains three
points of error, all of which are based upon alleged ineffective assistance of
counsel.  His first two points allege
ineffective assistance in 1) advising appellant to plead true to the violations
alleged against him when he had mitigating circumstances surrounding each
violation, and 2) in failing to present any evidence in the defense of
appellant at the revocation hearing to contest the sufficiency of the evidence
of the alleged violations.

The Code of Criminal Procedure limits an appeal from an adjudication
following the revocation of deferred-adjudication community supervision, as
follows (in pertinent part):








On violation of a
condition of community supervision imposed under Subsection (a) of this
section, the defendant may be arrested and detained as provided in Section 21
of this article.  The defendant is
entitled to a hearing limited to the determination by the court of whether it
proceeds with an adjudication of guilt on the original charge.  NO APPEAL MAY BE TAKEN FROM THIS DETERMINATION.  After an adjudication of guilt, all
proceedings, including assessment of punishment, pronouncement of sentence,
granting of community supervision, and defendant=s appeal continue as if the adjudication of guilt
had not been deferred.  

 

Tex. Code Crim. Proc. Ann. art. 42.12 '5(b) (Vernon Supp.
2003)(emphasis added).

Article 42.12, '5(b) thus prohibits an
appellant, whose deferred adjudication probation has been revoked and who has
been adjudicated guilty of the original charge, from raising on appeal
contentions of error in the adjudication of guilt process.  Connolly v. State, 983 S.W.2d 738, 741
(Tex. Crim. App. 1999).  

We decline to rule on appellant=s points of error one
and two.  The appeal is dismissed as to
appellant=s points one and two.

Appellant=s third point[2]
alleges ineffective assistance of counsel as follows:

Appellant was denied
effective assistance of counsel under the Sixth Amendment to the U.S.
Constitution and Article I, Section 10 of the Texas Constitution when trial
counsel failed to present any evidence at the punishment phase of the motion to
revoke community supervision on appellant=s behalf other than
appellant=s own testimony.

 

Specifically,
appellant contends on appeal that his trial attorney should have called as
character witnesses his counselors in the alcohol and sex offender treatment
programs, as well as his two employment-related friends who could have
testified favorably regarding his Navy career and loyalty as a parent.  








Article 42.12, '5(b) of the Code of
Criminal Procedure prohibits a claim that counsel was ineffective during the
adjudication hearing, though it does not prohibit a claim that counsel was
ineffective during the punishment hearing following adjudication.  See Kirtley v. State, 56 S.W.3d
48, 51(Tex. Crim. App. 2001).  The right
to effective assistance of counsel under both the federal and state constitutions
requires a two-prong procedure to determine whether representation was so
inadequate that it violated the defendant=s right to counsel.  Strickland v. Washington, 466 U.S. 668,
687 (1984); Hernandez v. State, 726 S.W.2d 53, 54-55 (Tex. Crim. App.
1986).  First, trial counsel=s performance must
fall Abelow an objective
standard of reasonableness@ to the extent that
counsel failed to function as the counsel guaranteed by the Sixth
Amendment.  Strickland, 466 U.S.
at 668; Yates v. State, 917 S.W.2d 915, 920 (Tex. App.BCorpus Christi 1996,
pet ref=d).  Second, the appellant must prove that the
deficient performance prejudiced the defense by a Areasonable probability
that, but for counsel=s errors, the result
of the proceeding would have been different.@  Strickland,
466 U.S. at 694.  AA reasonable
probability is a probability sufficient to undermine confidence in the outcome.@  Id. at 693.








The appellant has the burden to prove by a preponderance of the
evidence his claim of ineffective assistance of counsel, and must overcome a
strong presumption that counsel=s performance fell
within a wide range of reasonable professional assistance.  Stafford v. State, 813 S.W.2d 503
(Tex. Crim. App. 1991); Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim.
App. 2000). There is, thus, a presumption that counsel is better positioned
than the appellate court to judge the pragmatism of the particular case, and
that counsel made all significant decisions in the exercise of reasonable
professional judgment.  Stone v. State,
17 S.W.3d 348, 350-51 (Tex. App.BCorpus Christi 2000,
pet. ref=d).  Here, appellant bases his claim of
ineffective assistance on his attorney=s failure to call
certain witnesses.  In order to prevail
on his claim, he must show that the witnesses were available and that their
testimony would have benefitted him.  King
v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); Munoz v, State,
24 S.W.3d 427, 434 (Tex. App.BCorpus Christi 2000,
no pet.).  In addition, when the
appellant claims that his trial attorney was ineffective for failure to call
specific witnesses, he must show that he provided his attorney with information
relevant to the identity or location of the witnesses in question.  See Cannon v. State, 668 S.W.2d
401, 402-03 (Tex. Crim. App. 1984).








In the present case, there is no indication that appellant had
informed his trial attorney of the witnesses= existence or that they were even available to
testify at the time of the punishment hearing. 
In addition, the testimony of these witnesses would not necessarily have
helped appellant.  Johnson and Arellano,
for instance, were unaware of, and expressed surprise when told about Davis= real personality and
propensity for molesting children and/or using drugs.  Phillips expressed the opinion Davis would
pose a high risk to the community unless he remained sober which, of course,
Davis failed to do as evidenced by his admissions concerning the present
community supervision violations. 
Finally, Kiser=s own personal
experience with the molestation of her daughter and its Alifelong effects@ also made her an
ambiguous witness and a gamble for the defense. 
Therefore, even if his trial attorney had known of these witnesses, it
would have been sound trial strategy not to present them during punishment in
order to avoid the potentially negative input of their testimony.  Nor is there any reasonable probability that
their testimony would have benefitted appellant on the question of punishment.  We overrule appellant=s third point of error
and AFFIRM the judgment of the trial court.

 

NOAH
KENNEDY

Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Opinion delivered and
filed

this 23rd day of
January, 2003.

 











[1]Retired
Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov=t Code Ann. '
74.003 (Vernon 1998).





[2] We are not without
jurisdiction based upon Rule 25.2(b)(3) of the Texas Rules of Appellate
Procedure to hear appellant=s
third point of error.  See Kirtley v.
State, 56 S.W.3d 48, 51-2 (Tex. Crim. App. 2001).