**Kenneth Kevin KIRTLEY, Appellant,**

v.

**The STATE of Texas.**

**No. 1193–00.**

Court of Criminal Appeals of Texas.

Sept. 12, 2001.

---

John Tatum, Richardson, for Appellant.

John R. Rolater, Jr., Asst. Dist. Atty., Dallas, Matthew Paul, State's Attorney, Austin, for the State.

## OPINION

MEYERS, J., delivered the opinion of the Court.

Appellant entered a plea of guilty to murder and the trial court deferred a finding of guilt and placed appellant on deferred adjudication for ten years. Appellant was later adjudged guilty of murder by the trial court, after having violated the terms of his probation, and was sentenced to thirty years confinement. The Fifth Court of Appeals affirmed the judgment in an unpublished opinion. *Kirtley v. State*, No. 05–99–00236–CR slip op. at 4, 2000 WL 688602 (Tex.App.—Dallas May 19, 2000) (Op. On Rehearing)(Not designated for publication). We granted appellant's petition for discretionary review to determine whether the Court of Appeals erred in holding that the reporter's record from appellant's adjudication/punishment hearing is not necessary to the resolution of his appeal under Texas Rule of Appellate Procedure 34.6(f).

On September 12, 1990, in a negotiated agreement, appellant entered a plea of guilty to felony murder and the prosecution recommended that appellant receive ten years deferred adjudication. The trial court deferred a finding of guilt and placed appellant on unadjudicated probation for ten years. On January 10, 1992, in response to the State's motion to adjudicate appellant's guilt, the trial court adjudged

appellant guilty of murder and sentenced him to thirty years confinement.

On January 14, 1992, appellant filed a pro se notice of appeal in the trial court. Upon inquiry by appellant regarding the status of his appeal, the Court of Appeals notified appellant on April 8, 1992, that it had no record of a notice of appeal having been filed in his case. On May 13, 1992, appellant filed a motion for an out-of-time appeal with the Court of Appeals. On November 13, 1992, in response to another inquiry by appellant regarding the status of his appeal, the Court of Appeals informed appellant that there was still no record of an appeal or request for out-of-time appeal in his case. On January 31, 1997, appellant submitted a motion to obtain a transcript of his probation revocation hearing to the trial court.

Appellant filed an application for writ of habeas corpus with this Court on November 12, 1998. Upon finding that, according to the trial court's findings of fact, appellant did file a timely notice of appeal, which was never acted upon, we dismissed for want of jurisdiction on January 27, 1999. Because the appeal was still pending, appellant did not have a final felony conviction, as is required to apply for a post conviction writ of habeas corpus. On June 14, 1999, under order of the Court of Appeals, the trial court held a hearing in which a finding was made that the court reporter's notes from appellant's January 10, 1992 adjudication/punishment hearing had been destroyed by an act of nature

before being transcribed and could not be restored.

Appellant argued on appeal that he is entitled to a new punishment hearing under Texas Rule of Appellate Procedure 34.6(f) because the reporter's record was destroyed through no fault of his own and, without a record, he is precluded from appealing a claim of ineffective assistance of counsel at the punishment hearing.[1] The appellate court assumed, for the purposes of its opinion, that appellant made a timely request for the preparation of a reporter's record. *See* TEX. R. APP. PROC. 34.6(f)(1). After a hearing, the trial court made a finding that the reporter's notes were destroyed through an act of nature. *See* TEX. R. APP. PROC. 34.6(f)(2).

The Court of Appeals held that the record of appellant's adjudication/punishment hearing was not necessary to appellant's appeal because he was not permitted to raise an ineffective assistance of counsel claim under Code of Criminal Procedure Article 42.12 § 5(b). *Kirtley*, slip op. at 3–4. Article 42.12 § 5(b) states:

> On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination.

---

1.  Texas Rule of Appellate Procedure **34.6 Reporter's Record.**

> (f) *Reporter's Record Lost or Destroyed.* An appellant is entitled to a new trial under the following circumstances:
> (1) if the appellant has timely requested a reporter's record;
> (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has

> been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;
> (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and
> (4) if the parties cannot agree on a complete reporter's record.

The lower court cited *Phynes v. State*, 828 S.W.2d 1 (Tex.Crim.App.1992), which it interpreted as holding that Article 42.12 § 5(b) prohibits even a claim of ineffective assistance of counsel during the adjudication hearing.

■■■ Appellant says "the Court of Appeals erred in holding that in this case a reporter's record pursuant to Rule 34.6(f) Texas Rules of Appellate Procedure is not necessary to the resolution of this appeal because the law holds that Appellant cannot appeal a determination to [proceed to an] adjudication of guilt."

Appellant recognizes the limitations imposed by Article 42.12 § 5(b) and submits that he has no intention of appealing the adjudication of guilt, but argues that the record is necessary so that he may claim ineffective assistance of counsel at the punishment hearing directly following the adjudication of guilt. Appellant relies on the second part of Code of Criminal Procedure Article 42.12 § 5(b), which states:

> After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

■■ We have previously held that when a "trial court finds that an accused has committed a violation as alleged by the State and adjudicates a previously deferred finding of guilt, the court must then conduct a second phase to determine punishment." *Issa v. State*, 826 S.W.2d 159 at 161 (Tex.Crim.App.1992). Therefore, although an appellant cannot appeal the trial court's decision to adjudicate guilt, an appellant sentenced under a guilty plea agreement can appeal aspects of the "second phase to determine punishment." *Cf. Hardeman v. State*, 1 S.W.3d 689 (Tex. Crim.App.1999) (defendant given opportunity by trial judge to present evidence after his adjudication of guilt and before sentencing, but because he did not respond, he failed to preserve error); *Issa*, 826 S.W.2d at 161 (defendant is entitled to opportunity to present evidence prior to sentencing in separate punishment hearing after adjudication of guilt). Thus, *Phynes*, cited by the Court of Appeals, is not controlling because the defendant there was attempting to appeal a denial of counsel *at the proceeding adjudicating guilt*. We specifically noted that the defendant made no complaint as to the "punishment portion of the trial court's judgment or the proceedings after the adjudication." *Phynes*, 828 S.W.2d at 1 n. 1.

The State argues that appellant is prohibited from appealing his claim of ineffective assistance of counsel at punishment by Texas Rule of Appellate Procedure 25.2(b)(3).[2] However, we recently held that Rule 25.2(b)(3) does not apply to appeals challenging issues "unrelated to" the conviction. *Vidaurri v. State*, 49 S.W.3d 880, 884 (Tex.Crim.App.2001). A claim of ineffective assistance of counsel *at the punishment hearing* after adjudication of guilt is "unrelated to" a claim regarding

**2.** Texas Rule of Appellate Procedure 25.2(b)(3) provides:

> But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

> (A) specify that the appeal is for a jurisdictional defect;
> (B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or
> (C) state that the trial court granted permission to appeal.

the propriety of the conviction. There is nothing to prohibit appellant from claiming ineffective assistance of counsel during the punishment hearing on appeal. Because appellant can make that claim, the record is "necessary to the appeal's resolution" as is required by Rule 34.6(f)(3). The Court of Appeals erred in holding otherwise.

However, before a new trial can be ordered, there must be a finding that "the parties cannot agree on a complete reporter's record." Rule 34.6(f)(4). We therefore vacate the judgment of the Court of Appeals and remand for reconsideration in accordance with this opinion.[3]

WOMACK, J. dissented.

---

**3.** The Court of Appeals should begin with a determination as to which court should conduct the remaining Rule 34 analysis. If the

appellate court finds that such analysis is best done by the trial court, it may remand the case accordingly.