In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-238 CR


____________________



NATHANIEL KEITH SINGLETON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 65401






OPINION


 Nathaniel Keith Singleton pleaded guilty to committing aggravated assault in 1993. 
On May 9, 1994, the trial court deferred adjudication of guilt and placed Singleton on
probation for eight years. In an adjudication hearing conducted in 1995, the State
abandoned allegations that Singleton committed a criminal offense while on probation and
that he used or possessed illegal drugs, and Singleton pleaded true to allegations that he
failed to report, failed to perform community service, and failed to pay fees. The trial
court sentenced Singleton to ten years of confinement in the Texas Department of Criminal
Justice, Institutional Division. In 2001, Singleton obtained an out-of-time appeal pursuant
to federal habeas relief. 

 The sole point of error contends, "Appellant was denied the effective assistance of
counsel regarding the motion to revoke his probation and sentencing by the trial court." 
Because there is no appeal from the decision to adjudicate guilt, we do not have the
jurisdiction to address Singleton's claims regarding counsel's effectiveness "regarding the
motion to revoke his probation." See Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App.
1992). On the other hand, we do have jurisdiction to address Singleton's complaints to the
extent they relate to the proceedings after the adjudication. Kirtley v. State, 56 S.W.3d
48, 51 (Tex. Crim. App. 2001). 

 To prevail on a claim of ineffective assistance of counsel, the appellant must show
that : 1) counsel's representation fell below an objective standard of reasonableness; and
2) but for counsel's ineffectiveness, the result would have been different. See Strickland
v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999). The appellant bears the
burden of proving by a preponderance of the evidence that counsel was ineffective. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). To defeat the
presumption of reasonable professional assistance, "[a]ny allegation of ineffectiveness must
be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness." McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).

 In support of his argument that the record demonstrates that counsel "was not
prepared to go forward to meet the allegations or to offer defenses," Singleton directs our
attention to the following:

  Counsel filed a motion to withdraw on the day of the hearing. 


  Before Singleton entered his plea to the motion to adjudicate, counsel
asked for (and received) time to confer with his client because,
"there's been an absolute minimum of communication" between
them. 


  Counsel argued defensive matters after Singleton pleaded "true" to
the allegations in the motion to revoke. 


  Counsel failed to file a motion for new trial, raising defensive
matters, although invited to do so by the trial court. 


 The appellant suggests that "had proper evidentiary matters been presented," he
could have been "continued on probation." We are hard pressed to understand how this
relates to post-adjudication punishment as opposed to the decision to revoke probation and
proceed with an adjudication of guilt. Assuming for the sake of argument that these
matters relate in some manner to the development of punishment evidence, the record fails
to demonstrate that counsel failed to properly prepare for the punishment hearing, or that
any evidence was actually available but not presented to the trial court. 

 The record does not support Singleton's claim that counsel provided ineffective
assistance. Issue one is overruled. The judgment is affirmed.

 AFFIRMED.


 PER CURIAM



Submitted on March 26, 2002

Opinion Delivered April 10, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.