NO. 07-02-0288-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 10, 2002

_____

AUDREY LEE WILLIAMS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 252nd DISTRICT COURT OF JEFFERSON COUNTY;

NO. 57,292; HON. LEONARD GIBLIN, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

In one issue, appellant Audrey Lee Williams appeals from a judgment revoking her community supervision, adjudicating her guilty based upon her plea of guilty, and sentencing her to two years imprisonment. In one issue, she complains that the trial court erred by failing to consider the full possible range of punishment. We affirm the judgment.

***Background***

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2002).

Appellant pled guilty in 1993 to the offense of securing execution of a document by deception. In accordance with a plea bargain, the court deferred adjudication of her guilt, placed her on probation for five years, and ordered restitution. Appellant's probation was later extended to April 1, 2003. The State eventually filed a motion to revoke probation on May 14, 2002. Appellant pled true to the allegations contained in the motion. Thereafter, the court granted the motion, adjudicated appellant's guilt, and levied the sentence previously mentioned.

### *Jurisdiction*

Initially, we address the State's contention that we have no jurisdiction because appellant filed a general notice of appeal as opposed to one conforming to Texas Rule of Appellate Procedure 25.2(b)(3). The latter provides that if the appeal is from a judgment rendered on a plea of guilty and the punishment assessed did not exceed the punishment recommended by the prosecutor, the notice of appeal must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

TEX. R. APP. P. 25.2(b)(3).

Rule 25.2(b)(3) applies when the appellant asserts issues relating to his conviction. *Kirtley v. State*, 56 S.W.3d 48, 51-52 (Tex. Crim. App. 2001); *Vidaurri v. State*, 49 S.W.3d 880, 884-85 (Tex. Crim. App. 2001).[2] As alluded to before, the appellant here contests

---

[2]In *Kirtley*, the appellant was asserting that he was denied effective assistance of counsel at the punishment hearing. Appellant had pled guilty and received deferred adjudication and community supervision. The trial court subsequently adjudicated him guilty, and Kirtley appealed. In response to the

2

neither her original plea of guilty nor subsequent adjudication of guilt. Rather, she asserts error relating to conduct that occurred during the punishment phase of the trial, *i.e.* the punishment levied. Consequently, her complaint does not relate to her conviction. And, because it does not, Rule 25.2(b)(3) was and is inapplicable. Thus, we reject the proposition that we have no jurisdiction over the appeal simply because appellant filed a general notice of appeal.

### *Issue One*

Again, through her only issue, appellant contends that the trial court erred when it failed to consider the full range of punishment. We overrule the contention.

To preserve a complaint for review, the record must show that the complainant urged it to the trial court by a timely request, objection, or motion stating the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint unless the grounds are apparent from the record. TEX. R. APP. P. 33.1(a); *Vidaurri,* 49 S.W.3d at 885-86. The record illustrates that appellant never contended below (by objection, motion or otherwise) that the trial court failed to consider the full range of punishment. Thus, the issue was not preserved for review.

Nor did appellant provide us with citation to any legal authority supporting her short argument that the failure to consider the full range of punishment constitutes reversible error. This too results in the waiver of the matter. *See* TEX. R. APP. P. 38.1(h) (requiring

---

contention that appellant's general notice of appeal did not vest the reviewing court with jurisdiction, the Court of Criminal Appeals noted that Rule 25.2(b)(3) does not apply when asserting issues unrelated to the conviction. *Kirtley*, 56 S.W.3d at 51-52. Then it stated that a claim of ineffective assistance of counsel "*at the punishment hearing* after adjudication of guilt is 'unrelated to' a claim regarding the propriety of the conviction." *Id.* at 51 (emphasis in original). In italicizing the phrase "at the punishment hearing," the Court of Criminal Appeals evinces that error arising during that phase of the trial is unrelated to the conviction.

3

that appellants provide the reviewing court with citation to legal authority); *Pachecano v. State,* 881 S.W.2d 537, 545 (Tex. App.--Fort Worth 1994, no pet.) (holding that because the appellant did not provide citation to legal authority, he waived the complaint).

Accordingly, the judgment of the trial court is affirmed.

Brian Quinn
Justice

Publish.