NO. 07-02-0288-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 10, 2002


______________________________



AUDREY LEE WILLIAMS
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 252nd DISTRICT COURT OF JEFFERSON COUNTY;



NO. 57,292; HON. LEONARD GIBLIN, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

 In one issue, appellant Audrey Lee Williams appeals from a judgment revoking her
community supervision, adjudicating her guilty based upon her plea of guilty, and
sentencing her to two years imprisonment. In one issue, she complains that the trial court
erred by failing to consider the full possible range of punishment. We affirm the judgment.

 Background

 Appellant pled guilty in 1993 to the offense of securing execution of a document by
deception. In accordance with a plea bargain, the court deferred adjudication of her guilt,
placed her on probation for five years, and ordered restitution. Appellant's probation was
later extended to April 1, 2003. The State eventually filed a motion to revoke probation on
May 14, 2002. Appellant pled true to the allegations contained in the motion. Thereafter,
the court granted the motion, adjudicated appellant's guilt, and levied the sentence
previously mentioned.

 Jurisdiction

 Initially, we address the State's contention that we have no jurisdiction because
appellant filed a general notice of appeal as opposed to one conforming to Texas Rule of
Appellate Procedure 25.2(b)(3). The latter provides that if the appeal is from a judgment
rendered on a plea of guilty and the punishment assessed did not exceed the punishment
recommended by the prosecutor, the notice of appeal must:

 (A) specify that the appeal is for a jurisdictional defect;

 

 (B) specify that the substance of the appeal was raised by written motion and 

 ruled on before trial; or


 (C) state that the trial court granted permission to appeal.


Tex. R. App. P. 25.2(b)(3). 

 Rule 25.2(b)(3) applies when the appellant asserts issues relating to his conviction. 
Kirtley v. State, 56 S.W.3d 48, 51-52 (Tex. Crim. App. 2001); Vidaurri v. State, 49 S.W.3d
880, 884-85 (Tex. Crim. App. 2001). (2) As alluded to before, the appellant here contests
neither her original plea of guilty nor subsequent adjudication of guilt. Rather, she asserts
error relating to conduct that occurred during the punishment phase of the trial, i.e. the
punishment levied. Consequently, her complaint does not relate to her conviction. And,
because it does not, Rule 25.2(b)(3) was and is inapplicable. Thus, we reject the
proposition that we have no jurisdiction over the appeal simply because appellant filed a
general notice of appeal. 

 Issue One

 Again, through her only issue, appellant contends that the trial court erred when it
failed to consider the full range of punishment. We overrule the contention.

 To preserve a complaint for review, the record must show that the complainant
urged it to the trial court by a timely request, objection, or motion stating the grounds for
the ruling sought with sufficient specificity to make the trial court aware of the complaint
unless the grounds are apparent from the record. Tex. R. App. P. 33.1(a); Vidaurri, 49
S.W.3d at 885-86. The record illustrates that appellant never contended below (by
objection, motion or otherwise) that the trial court failed to consider the full range of
punishment. Thus, the issue was not preserved for review. 

 Nor did appellant provide us with citation to any legal authority supporting her short
argument that the failure to consider the full range of punishment constitutes reversible
error. This too results in the waiver of the matter. See Tex. R. App. P. 38.1(h) (requiring
that appellants provide the reviewing court with citation to legal authority); Pachecano v.
State, 881 S.W.2d 537, 545 (Tex. App.--Fort Worth 1994, no pet.) (holding that because
the appellant did not provide citation to legal authority, he waived the complaint). 

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn

 Justice 

 


Publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. gov't
code ann. §75.002(a)(1) (Vernon Supp. 2002).
2. In Kirtley, the appellant was asserting that he was denied effective assistance of counsel at the
punishment hearing. Appellant had pled guilty and received deferred adjudication and community
supervision. The trial court subsequently adjudicated him guilty, and Kirtley appealed. In response to the
contention that appellant's general notice of appeal did not vest the reviewing court with jurisdiction, the
Court of Criminal Appeals noted that Rule 25.2(b)(3) does not apply when asserting issues unrelated to the
conviction. Kirtley, 56 S.W.3d at 51-52. Then it stated that a claim of ineffective assistance of counsel "at
the punishment hearing after adjudication of guilt is 'unrelated to' a claim regarding the propriety of the
conviction." Id. at 51 (emphasis in original). In italicizing the phrase "at the punishment hearing," the Court
of Criminal Appeals evinces that error arising during that phase of the trial is unrelated to the conviction. 



          At a May 2004 meeting with Edward Jones, Delmer learned of the transfer of the
funds to A.G. Edwards and that he was no longer named on the account. In August 2004,
Delmer discovered forged signatures were used to transfer funds from the joint account. 
Isabel died in April 2006. 
          Delmer filed the present suit in May 2006 seeking damages against Marvin and Janet
for conversion and tortious interference with inheritance rights. He also sought declaratory
and injunctive relief. Marvin and Janet answered by general denial and affirmatively plead
the applicable statute of limitations barred all of Delmer’s claims. Delmer amended his
petition adding causes of action against Marvin and Janet for breach of fiduciary duty, fraud,
and unjust enrichment and interposed the discovery rule and fraudulent concealment in
response to their limitations defense. Marvin and Janet filed a traditional motion for
summary judgment on Delmer’s live petition contending that from the face of the document
all claims alleged were barred by limitations and the discovery rule lacked application
because as a matter of law Delmer’s claims were not inherently undiscoverable. Delmer
filed a response with supporting evidence, arguing the discovery rule and fraudulent
concealment in avoidance of the limitations claim. The trial court granted the motion of
Marvin and Janet and severed Delmer’s claims against the brokerage firms. The court
denied Delmer’s motion for new trial and this appeal followed. 
Issue
Delmer presents the following single issue:
Whether Defendants negated as a matter of law both Plaintiff’s assertions of
the discovery rule and of fraudulent concealment in order to establish
Defendants’ defense of limitations in order to justify summary judgment in
their favor as entered by the Trial Court. 
          We review the granting of a traditional summary judgment motion de novo, applying
familiar standards: 
          A.       The movant for summary judgment has the burden of showing
that there is no genuine issue of material fact and that it is
entitled to judgment as a matter of law.

B.In determining whether there is a disputed issue of material fact
precluding summary judgment, evidence favorable to the non-movant will be taken as true.

C.Every reasonable inference must be indulged in favor of the
non-movant and any doubts resolved in its favor.
Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 
          A defendant moving for summary judgment on the affirmative defense of limitations
must conclusively establish the defense. KPMG Peat Marwick v. Harrison County Hous.
Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). Accordingly, it is for the defendant (1) to
conclusively prove when the cause of action accrued, and (2) negate the discovery rule, 
if pleaded and applicable, by proving as a matter of law there is no genuine issue of
material fact about when the plaintiff discovered, or in the exercise of reasonable diligence
should have discovered, the nature of his injury. Id. If the movant establishes the statute
of limitations bars the action, the non-movant must then adduce summary judgment proof
raising a fact issue. Id. Here the parties agree that Delmer’s claims are subject to two- or
four-year limitations periods. Their disagreement lies with the applicability of the discovery
rule and fraudulent concealment.
Discovery Rule
          Unlike the tolling feature of fraudulent concealment, the discovery rule defers accrual
of a cause of action until the plaintiff knows, or through the exercise of reasonable diligence,
should know of facts giving rise to the cause of action. Computer Assoc. Int'l, Inc. v. Altai,
Inc., 918 S.W.2d 453, 455 (Tex. 1996). The discovery rule is “a very limited exception to
statutes of limitations,” and applies only when the plaintiff’s injury is both (1) inherently
undiscoverable, and (2) objectively verifiable. Id. at 455-56. An injury is inherently
undiscoverable if, by its nature, it is unlikely to be discovered during the applicable limitation
period despite the exercise of due diligence. S.V. v. R.V., 933 S.W.2d 1, 7 (Tex. 1996)
(citing Altai, 918 S.W.2d at 456). The question is not whether the particular injury was
actually discovered by the claimant within the limitation period, but whether “it was the type
of injury that is generally discoverable by the exercise of reasonable diligence.” HECI
Exploration Co. v. Neel, 982 S.W.2d 881, 886 (Tex. 1998); see Conoco, Inc. v. Amarillo
Nat'l Bank, 14 S.W.3d 325, 328 (Tex. App.–Amarillo 2000, no pet.) (finding rule inapplicable
in case alleging conversion of collateral). In other words, whether the discovery rule applies
is determined “categorically.” HECI Exploration, 982 S.W.2d at 886.
          The type of injury Delmer’s suit against Marvin and Janet alleges is their
unauthorized transfer of assets from a brokerage account of which Delmer was joint owner.
We see nothing about such an injury to make it inherently undiscoverable. Even where, as
here, the injured account co-owner does not receive account statements, the fact that
assets have been transferred from the account without his authorization is readily
discoverable. A simple request to review an account statement, addressed to the co-owner
who receives the statements or to the brokerage firm itself, should bring the unauthorized
transfer to light. The discovery rule is reserved for the types of injuries not ordinarily
discoverable, even though due diligence has been used. Altai, 918 S.W.2d at 456. 
          Delmer points to the specifics of this particular brokerage account, noting only his
mother’s address was listed on the account and it required the signatures of all three
account holders to effect a transfer of assets from the account. But Delmer’s argument
ignores the requirement that discovery-rule analysis focus on the type of injury. See, e.g.,
HECI Exploration, 982 S.W.2d at 886 (discussing Altai, 918 S.W.2d at 457, noting that trade
secret misappropriation “generally” is capable of detection within the time allotted for
bringing suit, although the particular injury may not have been discovered). The discovery
rule does not excuse a party from exercising reasonable diligence in protecting its own
interests. Pitman v. Lightfoot, 937 S.W.2d 496, 510 (Tex.App.–San Antonio 1992, no writ). 
We find the injury Delmer alleges was not inherently undiscoverable, and the discovery rule
has no application.
 
Fraudulent Concealment
          A defendant who by conduct or legal relationship is under a duty of disclosure and
who fraudulently conceals the existence of a cause of action from the party to whom he
owes the duty, is estopped from relying on the defense of the statute of limitations until the
other party learns of the cause of action or should have learned of its existence through the
exercise of reasonable diligence. Borderlon v. Peck, 661 S.W.2d 907, 908 (Tex. 1983). 
“The elements of fraudulent concealment are: (1) the existence of the underlying tort; (2)
the defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the
tort; and (4) the plaintiff's reasonable reliance on the deception.” Mitchell Energy Corp. v.
Bartlett, 958 S.W.2d 430, 439 (Tex.App.–Fort Worth 1997, pet. denied); see HECI
Exploration, 982 S.W.2d at 886. The defendant’s deception occurs through “active
suppression of the truth or failure to disclose when the defendant is under a duty to
disclose.” Bartlett, 958 S.W.2d at 439. A plaintiff relying on fraudulent concealment must
have reasonably relied on the defendant’s active misrepresentations or, if applicable, its
silence. Bartlett, 958 S.W.2d at 439. However, reliance becomes unreasonable, and the
tolling period ends, once the plaintiff knows or should know of the concealment. Id. If the
movant of a traditional motion for summary judgment on the statute of limitations
conclusively proves entitlement to this affirmative defense, the non-movant, alleging
fraudulent concealment, must present competent summary judgment evidence establishing
an issue of fact on each element of fraudulent concealment. See KPMG Peat Marwick, 988
S.W.2d at 749.
          Delmer argues that the artifice Marvin and Janet employed to conceal the conversion
of the joint account proceeds was delivery to Edward Jones of documents bearing the
forged signatures of Delmer, Isabel and Arnold. But that argument simply describes the
underlying tort of conversion. It does not describe active misrepresentations to conceal the
tort, nor Delmer’s reasonable reliance on the representations. The presentation of forged
signatures was the means of the underlying conversion, not the means of its concealment.
          In a variation on the same argument, Delmer attempts to raise a fact issue on the
misrepresentation and reliance elements by contending that Marvin and Janet effectively
deceived him through their deception of Edward Jones, so that it allowed transfer of funds
from the joint account without Delmer’s authorization. Further, he asserts, neither Edward
Jones nor Marvin and Janet disclosed the wrongful transaction to Delmer. Delmer says he
relied on the silence of Edward Jones, and that of Marvin and Janet, to his injury. 
          We find there is no evidence that Edward Jones stood in Delmer’s shoes vis-a-vis
any fraudulent representations perpetrated by Marvin and Janet and concerning the joint
account. Cf. Sterling Trust Co. v. Adderley, 168 S.W.3d 835, 847 (Tex. 2005). Further, we
see no evidence in the summary judgment record of conduct by or a legal relationship in
Marvin and Janet creating a duty in them to disclose to Delmer the February and March
2001 transfers of funds from the joint account. See Hoggett v. Brown, 971 S.W.2d 472, 487
(Tex. App.–Houston [14th Dist.] 1997, pet. denied) (listing situations giving rise to duty to
disclose); Ralston Purina Co. v. McKendrick, 850 S.W.2d 629, 633 (Tex.App.–San Antonio
1993, writ denied) (existence of duty to disclose information is a question of law).
          Finally, as we have noted, the facts which Delmer alleges were fraudulently
concealed from him were readily discoverable through the exercise of reasonable diligence. 
We conclude there is no summary judgment evidence raising an issue of fact on fraudulent
concealment. Accordingly, we overrule Delmer’s appellate issue.
          In a motion we have carried with the case, Marvin and Janet seek our imposition of
an unspecified sanction on Delmer. The motion is denied.
          Having overruled Delmer’s appellate issue, we affirm the judgment of the trial court.
 


James T. Campbell

Justice