NUMBER 13-03-457-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG





KEVIN EUGENE MATTHEW,                                               Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 156th District Court
of Bee County, Texas.




MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Opinion by Justice Castillo

         Appellant Kevin Eugene Matthew appeals his conviction for indecency with a
child.


 We affirm. 
I. BACKGROUND
          On October 3, 1996, Matthew pleaded guilty to a three-count indictment. The
trial court deferred a finding of guilt and placed Matthew on community supervision
for a term of ten years. Following the State's amended motion to adjudicate, Matthew
pleaded not true to allegations he violated the terms of his community supervision. 
On May 1, 2003, the trial court adjudicated Matthew's guilt, imposed a sentence of
twenty years confinement in the Institutional Division of the Texas Department of
Criminal Justice, and assessed a $10,000 fine.


 The trial court has certified that this
is not a plea-bargain case, and Matthew has the right to appeal. See Tex. R. App.
P. 25.2(a)(2). This appeal ensued. 
         The terms and conditions of Matthew's community supervision required that he:
(1) commit no offense against the laws of this State, any other State, or of the United
States; and (2) not accompany any person under the age of eighteen (18) years
without the presence of the minor's parent or parents. In an amended motion to
revoke filed April 15, 2003, the State alleged that Matthew violated these terms and
conditions by: (1) committing the offense of sexual performance of a child in violation
of section 43.25 of the Texas Penal Code; and (2) accompanying a person under the
age of eighteen years on four occasions in March and April of 2003. 
II. THE ISSUES ON APPEAL
         In eight issues, Matthew contends: (1) the State's amended motion to revoke
community supervision failed to allege the criminal offense of sexual performance of
a child; (2) the State did not prove by a preponderance of the evidence that the alleged
offense occurred in Nueces County, Texas; (3) the State did not prove by a
preponderance of the evidence that Matthew "produced" any "performance"; (4) the
State did not prove by a preponderance of the evidence that each of Matthew's
alleged accompaniments of a person under the age of eighteen years occurred in
Nueces County, Texas; (5) the State did not prove by a preponderance of the evidence
that Matthew "accompanied" a person less than eighteen years old without the
presence of the minor's parent or parents; (6) Matthew received the ineffective
assistance of counsel in that counsel: (a) did not object to the State's introduction of
photographs allegedly developed from film submitted by Matthew for processing,
(b) did not object to the State's opening statement and eliciting of testimony regarding
grand jury proceedings accusing Matthew of indecency with a child, (c) did not object
to the State's direct examination of a witness about placing her daughter in counseling
or to questions regarding the truthfulness of the daughter, and (d) elicited on cross-examination evidence of extraneous criminal conduct by Matthew; (7) the trial court
abused its discretion in admitting the photographs; and (8) because of each of the
foregoing errors, the trial court abused its discretion in revoking Matthew's community
supervision. We note that each of Matthew's issues assails the trial court's
adjudication decision, not the punishment it assessed. 
           III. DISPOSITION
         No appeal lies from the trial court's decision to adjudicate Matthew's guilt. See
Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2004); see also Connolly
v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999). We have no power to review
any challenge Matthew may have to the sufficiency of the notice contained in the
terms and conditions of the community supervision imposed by the trial court,
adequacy of the State's motion to revoke, or sufficiency of the evidence to support
the trial court's revocation decision. See Connolly, 983 S.W.2d at 741. Further,
while article 42.12 does not prohibit a claim that counsel was ineffective during the
punishment hearing following adjudication, it does prohibit a claim that counsel was
ineffective during the adjudication phase. See Kirtley v. State, 56 S.W.3d 48, 51-52
(Tex. Crim. App. 2001). We overrule issues one through eight. 
         Matthew's appeal does require exercise of our review power to the extent it
relates to errors unrelated to his conviction. See Tex. Code Crim. Proc. Ann.
art. 42.12, § 5(b) (Vernon Supp. 2004); see also Kirtley, 56 S.W.3d at 51-52 (citing
Vidaurri v. State, 49 S.W.3d 880, 883 (Tex. Crim. App. 2001); May v. State,
106 S.W.3d 375, 376 n.4 (Tex. App.–Corpus Christi 2003, no pet.) (applying Vidaurri
to appeal commenced after January 1, 2003 to hold requirements of current
rule 25.2(a)(2) inapplicable to claim of error in misapplication of mandatory sentencing
statute). Once the trial court adjudicates the guilt of a defendant on deferred
adjudication community supervision, the assessment of punishment, pronouncement
of sentence, and the defendant's appeal continue as if the adjudication of guilt had not
been deferred. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004). 
However, Matthew has not asserted any error in the trial court's assessment of
punishment or pronouncement of sentence. 
IV. CONCLUSION
         Having overruled each of Matthew's issues, we affirm the judgment of
conviction and sentence. 
 
                                                                        ERRLINDA CASTILLO
                                                                        Justice
Do Not Publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 11th day of March, 2004.