Opinion issued November 24, 2004
     










In The
Court of Appeals
For The
First District of Texas




NOS. 01-03-01074-CR
          01-03-01075-CR




ARMANDO PERALES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause Nos. 851314 & 851342




MEMORANDUM OPINION
          This is an appeal of the trial court’s adjudication of Armando Perales’s guilt
in two offenses of aggravated assault with a deadly weapon. The trial court sentenced
appellant to 10 years’ confinement. This Court originally dismissed the appeal for
want of jurisdiction because we held appellant’s notice of appeal was not timely, but
the Texas Court of Criminal Appeals granted appellant an out-of-time appeal and we
reinstated the cause. In his sole point of error, appellant contends he received
ineffective assistance of counsel at the punishment phase of the trial court’s
adjudication of guilt. We affirm.
Facts
          In September 2000, appellant pleaded guilty to two offenses of aggravated
assault with a deadly weapon committed against his wife and stepdaughter, Irma and
Cecelia Perales. The trial court accepted appellant’s plea, deferred adjudication, and
placed appellant on six years’ community supervision. As one of the conditions of
his community supervision, appellant was ordered not to contact Irma or Cecelia “in
person, in writing, by telephone, via the internet, a third party, or any other reason
except as specifically permitted by the Court.” 
          Thomas Bienko, appellant’s community supervision officer, testified that, 
during a field visit he made on March 13, 2001, he saw appellant’s car parked in the
driveway of Irma’s house. Bienko questioned neighbors who lived across the street
from the house, and they confirmed appellant’s presence at the house. It is clear from
the record that appellant was jailed briefly for this violation, but was given a second
chance by the trial court. Appellant’s second community supervision officer, Linda
Fierro, testified that Irma approached her in September 2001, complaining that
appellant was violating the terms of his community supervision by having contact
with her. Fierro also testified that appellant had complied with all other conditions
of his community supervision, including wearing an electronic monitor and obtaining
permission to work overtime. She noted that Irma had made false accusations against
appellant in the past.
          Irma testified that she had been in touch with appellant via telephone, and that
she had stayed for almost a week at his apartment during August 2001. She testified
that she initiated all of the contacts between the two. Cecilia confirmed that Irma had
stayed at appellant’s apartment for several days in August 2001, and she also testified
that she, herself, was “always in contact” with appellant. 
          The trial court found the allegations to be true and adjudged appellant guilty
of the offenses of aggravated assault with a deadly weapon. The trial court asked if
either side had any punishment evidence to present, but no additional evidence was
introduced. While acknowledging that Irma initiated all of the contact with appellant,
the trial court reiterated its position that, “[I]f somebody wants deferred for
threatening the life of their spouse, then they better do it right. And when I say you
are not to have any contact with the person, I mean that.” The trial court sentenced
appellant to 10' years imprisonment, noting that it could have imposed a sentence of
20 years and believed the offense was worth 20 years, but that it did not impose a 20-year sentence because contact was initiated by Irma, not appellant. 
Discussion
          In his sole point of error, appellant contends that he received ineffective
assistance of counsel at the punishment phase of the adjudication hearing because
counsel did not elicit testimony either from appellant or from his girlfriend, Rosa
Garza, who was living with appellant during August 2001. Allegedly, Garza would
have testified that Irma did not stay at their house at any time. Appellant’s trial
counsel filed a motion for new trial, but the motion did not assert ineffective
assistance of counsel; nor did it contain any specific information about new evidence
from Garza or appellant. At the motion for new trial hearing, appellant’s trial
attorney urged the court to reconsider its decision to adjudicate appellant’s guilt, but
no evidence was introduced.
          Standard of Review of Ineffective Assistance
          In reviewing an ineffective assistance of counsel claim, we evaluate the
effectiveness of counsel under the two-pronged test enunciated in Strickland v.
Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). See also Hernandez v. State, 988
S.W.2d 770, 772 (Tex. Crim. App. 1999) (applying two-pronged test for ineffective
assistance in Strickland to sentencing proceedings); Rivera v. State, 123 S.W.3d 21,
29 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d). First, the defendant must show
that his counsel’s representation fell below an objective standard of reasonableness. 
Strickland, 466 U.S. at 688, 104 S. Ct. at 2064. To prove this deficiency in
representation, the defendant must demonstrate that his counsel’s performance
deviated from prevailing professional norms. Id.; McFarland v. State, 845 S.W.2d
824, 842-43 (Tex. Crim. App. 1992). Second, the defendant must show prejudice. 
Strickland, 466 U.S. at 693, 104 S. Ct. at 2067. This requires the defendant to show
that there is a reasonable probability that, but for his counsel’s unprofessional errors,
the result of the proceeding would have been different. Id., 466 U.S. at 694, 104 S.
Ct. at 2068. The failure to satisfy one prong of the Strickland test negates a court’s
need to consider the other. Id., 466 U.S. at 697, 104 S. Ct. at 2071. “Appellant bears
the burden of proving by a preponderance of the evidence that counsel was
ineffective.” Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
          Any allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness. McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). We cannot speculate beyond the
record provided; rather, we must generally presume that counsel’s actions were taken
as part of a strategic plan for representing the client. Young v. State, 991 S.W.2d
835, 837-38 (Tex. Crim. App. 1999); Lemons v. State, 135 S.W.3d 878, 882 (Tex.
App.—Houston [1st Dist.] 2004, no pet.).

          Appeal of Error in Punishment Phase of Adjudication Hearing
          Appellant bases his claim of ineffective assistance at the punishment phase of
his trial on his counsel’s failure to elicit testimony either from appellant or Garza. 
Garza’s testimony, however, would have contested the truth of the allegations of
appellant’s violations of the conditions of community supervision; it, therefore, goes
to appellant’s guilt, and his counsel’s decision not to elicit such testimony is
unappealable. It is well settled that a defendant cannot appeal a determination of guilt
made by a trial court during an adjudication hearing. Tex. Code Crim. Proc. Ann.
art. 42.12 §§ 5(a), (b) (Vernon Supp. 2004-2005); Kirtley v. State, 56 S.W.3d 48, 51-52 (Tex. Crim. App. 2001).



Conclusion
          Because we conclude that the appeals presented here constitute appeals taken
from the determination to adjudicate an appellant’s guilt, as prohibited by the Code
of Criminal Procedure, we dismiss the appeals for lack of jurisdiction. See id.
 
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.2(b)