In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-312 CR


____________________



JOHN GLOSTON JOSEPH, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 87550






MEMORANDUM OPINION


 Pursuant to a plea bargain, John Gloston Joseph pled guilty to aggravated assault. The
trial court deferred adjudication of Joseph's guilt, placed him on community supervision for
ten years, and assessed a $1,500 fine. The State filed a motion to revoke Joseph's
unadjudicated community supervision, Joseph pled "not true" to the seven counts alleged in
the motion, and the trial court held a hearing on all seven counts. The trial court found that
Joseph violated the conditions of his community supervision, found him guilty of aggravated
assault, and assessed punishment at twenty years' confinement in the Texas Department of
Criminal Justice-Institutional Division. Joseph appeals.

 Joseph's sole issue on appeal is that the trial court abused its discretion by sentencing
him to the maximum sentence for aggravated assault in light of his mental deficiency. The
statute that governs deferred adjudication explicitly permits a defendant to appeal the
punishment he or she is assessed because the issue does not involve the trial court's decision
to adjudicate guilt. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon 2006); Ex
parte Brown, 158 S.W.3d 449, 453 (Tex. Crim. App. 2005); Kirtley v. State, 56 S.W.3d 48,
51-52 (Tex. Crim. App. 2001); Vidaurri v. State, 49 S.W.3d 880, 885 (Tex. Crim. App.
2001). We review a sentence imposed by the trial court under an abuse of discretion
standard. See Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Generally, a
penalty within the proper punishment range will not be disturbed on appeal. Id. If a
defendant pleads guilty in exchange for the prosecution's recommendation that he receive
deferred adjudication, a trial court does not exceed that recommendation if the trial court
assesses any punishment within the range allowed by law upon proceeding to adjudication. 
Vidaurri, 49 S.W.3d at 885. 

 Joseph contends that under Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153
L.Ed.2d 335 (2002), a mental deficiency is a constitutional mitigating factor warranting
leniency in sentencing. The United States Supreme Court held in Atkins that the execution
of criminals who were mentally retarded constituted cruel and unusual punishment in
violation of the Federal Constitution's Eighth Amendment. 536 U.S. at 321. The holding
in Atkins is limited to the execution of the mentally retarded. See id.

 At the hearing on the State's motion to revoke probation, Joseph stated he has a
mental problem and is depressed. Although there was mention of mental issues during the
hearing, there was no evidence presented of mental retardation. In a letter written a few
months before Joseph's guilty plea, Dr. Edward Gripon, a psychologist appointed by the
court to evaluate Joseph, described Joseph's mental state as follows:

 John Joseph's mental status examination on 6/9/04 reveals him to be oriented
to time, place, person and recent events. His mood is one of mild to moderate
depression. His affect is flat, but otherwise appropriate. There was no
evidence of any type of thought disorder and his thought process was
specifically free of hallucinations, illusions, or delusions. His judgement was
fair and his insight was fair. His intelligence was estimated as low average.


 . . . .


 He possesses a rational as well as factual understanding of his current legal
difficulty and he possesses sufficient ability to communicate with his attorney
with a reasonable degree of rational understanding.


 . . . .


 Although he has some mild to moderate depressive symptoms, these symptoms
do not impair his ability to understand current legal proceedings, understand
the legal charges against him, nor does it prevent him, in any fashion, from
communicating with an attorney with a reasonable degree of rational
understanding. 

Atkins is inapplicable to the present case. 

 The punishment range for second-degree felony aggravated assault is "imprisonment
in the institutional division for any term of not more than 20 years or less than 2 years." Tex.
Pen. Code Ann. §§ 12.33(a); 22.02(b) (Vernon 2003 & Supp. 2006). The punishment
assessed here--twenty years' confinement--was within that punishment range. Id. § 12.33(a). 
Although the State did not pursue an enhancement at the time of Joseph's appeal, the record
reflects Joseph was indicted as a repeat offender and has a history of drug abuse. The trial
court did not abuse it's discretion in sentencing Joseph to a term of imprisonment for twenty
years. Joseph's only issue on appeal is overruled. We affirm the trial court's judgment.

 AFFIRMED.


 ____________________________

 CHARLES KREGER 

 Justice


Submitted on January 18, 2007

Opinion Delivered May 23, 2007

Do not publish


Before Gaultney, Kreger and Horton, JJ.