COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-07-378-CR

 

 

CHARLES LAYMAN COX                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

 

I.  Introduction








Appellant Charles Layman Cox
appeals the sixty-five-year sentence imposed after the trial court adjudicated
him guilty of violating conditions of his community supervision.  In two issues, Cox argues that he was denied
effective assistance of counsel during the revocation proceeding and that the
judgment should be reformed to reflect a fifty-five-year sentence instead of a
sixty-five- year sentence because the reporter=s record shows that the trial judge imposed a fifty-five-year
sentence.  We will affirm.

II.  Procedural Background

On November 1, 1996, a grand
jury indicted Cox for the offense of aggravated sexual assault of a child under
fourteen.  On April 27, 1998, Cox entered
a guilty plea, and the trial court placed him on deferred adjudication for
seven years pursuant to a plea bargain agreement.  That same day, Cox signed AConditions of Community Supervision,@ which included the conditions that Cox avoid injurious or vicious
habits and abstain from the illegal use of controlled substances, marijuana,
and cannabinoids or the excessive consumption of alcoholic beverages, report to
the community supervision and corrections department of Tarrant County, and
attend and participate in sex offender treatment.  








On December 15, 1999, the
State filed its petition to proceed to adjudication, and on April 12, 2005, the
State filed its first amended petition to proceed to adjudication.  The State alleged that Cox did not attend sex
offender counseling sessions because he was discharged from treatment for
failing to attend the counseling sessions, he consumed alcohol in violation of
his terms of community supervision, and he did not report to his supervision
officer for sixty-five consecutive months. 


On October 4, 2007, the trial
court held a hearing on the State=s motion to proceed to adjudication. 
Cox pleaded true to the three violations.  After both sides presented evidence, the
trial court found that Cox did not complete sex offender counseling/treatment,
used alcohol in violation of his deferred adjudication conditions, and failed
to report to community supervision.  The
trial court then found Cox guilty of the offense of aggravated sexual assault
of a child under fourteen and sentenced him to sixty-five-years= imprisonment.  This appeal
followed.

III.  Ineffective Assistance of Counsel

In his first issue, Cox
argues that he was denied effective assistance of counsel because at the
revocation hearing, his attorney allowed evidence to be admitted which was
hearsay, violated the Confrontation Clause, or both.  

A.  Standard of
Review








To establish ineffective
assistance of counsel, appellant must show by a preponderance of the evidence
that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d
808, 812 (Tex. Crim. App. 1999).








In evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case.  Thompson, 9 S.W.3d at 813.  The issue is whether counsel=s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89, 104 S. Ct. at 2065.  Review
of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct
fell within a wide range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.  A reviewing court will
rarely be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.  Thompson,
9 S.W.3d at 813B14.  AIn the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).  It is not appropriate for an
appellate court to simply infer ineffective assistance based upon unclear
portions of the record.  Mata v. State,
226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The second prong of Strickland
requires a showing that counsel=s errors were so serious that they deprived the defendant of a fair
trial, i.e., a trial whose result is reliable. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is
a reasonable probability that, but for counsel=s unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding whose result is being challenged.  Id. at 697, 104 S. Ct. at 2070.

B.  Analysis

Although a defendant cannot
appeal the trial court=s decision
to adjudicate guilt, he can appeal aspects of the Asecond phase to determine punishment.@ Kirtley v. State, 56 S.W.3d 48, 51 (Tex. Crim. App. 2001); see
also Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2008). 
Here, Cox is not appealing the decision to adjudicate guilt; rather, he
is complaining only about punishment issues.








Cox argues that he was denied
effective assistance of counsel because his attorney did not object during the
testimony of Sally Smith, Officer Mitchell Maestes, and Marie Mollett on the
basis of hearsay and violation of the Confrontation Clause.  However, the record does not reflect Cox=s attorney=s reasoning
and strategy for not objecting to the alleged hearsay and Confrontation Clause
violations.  See Hernandez v. State,
No. 02-05-00243-CR, 2006 WL 563247, at *2 (Tex. App.CFort Worth Mar. 9, 2006, no pet.) (mem. op., not designated for
publication); see also Garza v. State, 213 S.W.3d 338, 348 (Tex. Crim.
App. 2007) (holding that counsel=s failure to object to hearsay testimony that allegedly violated the
Confrontation Clause could have been reasonable trial strategy); Darby v.
State, 922 S.W.2d 614, 623B24 (Tex. App.CFort Worth
1996, pet. ref=d) (holding
failure to object to inadmissible hearsay could have been trial strategy).  Accordingly, the record before us is
insufficient to show that Cox=s attorney=s action
were unreasonable or fell below the standard of prevailing professional norms. Strickland,
466 U.S. at 694, 104 S. Ct. at 2052; Garza, 213 S.W.3d at 348.  Because Cox cannot show that his attorney was
deficient, he cannot demonstrate that his attorney was ineffective under Strickland.  Thus, we overrule Cox=s first issue.

IV.  Correction
to Reporter=s Record








In his second issue, Cox
argues that the judgment should be reformed to match the reporter=s record, which shows that the trial judge sentenced Cox to fifty-five
years rather than the sixty-five years reflected on the judgment.  However, after abating the appeal to the
trial court, the trial court found that Athe reporter=s record
mistakenly sets out the trial court=s oral pronouncement of sentence as fifty-five years[] in the
Institutional Division of the Texas Department of Criminal Justice, rather than
the sixty-five[-]year sentence actually pronounced.@  The trial court also found
that the corrected reporter=s record accurately reflects the proceedings of the trial court and
adopted the corrected reporter=s record.  Because the corrected
reporter=s record matches the judgment, the sentence reflected in the judgment
need not be reformed.  We therefore
overrule Cox=s second as
moot. 

V.  Conclusion

Having overruled both of Cox=s issues, we affirm the trial court=s judgment.

 

PER CURIAM

 

 

PANEL:
WALKER, J.; CAYCE, C.J.; and MCCOY, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)








 

DELIVERED: September 25, 2008











[1]See Tex. R. App. P. 47.4.