

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-378-CR

CHARLES LAYMAN COX                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Charles Layman Cox appeals the sixty-five-year sentence imposed after the trial court adjudicated him guilty of violating conditions of his community supervision. In two issues, Cox argues that he was denied effective assistance of counsel during the revocation proceeding and that the judgment

---

[1] *See* Tex. R. App. P. 47.4.

should be reformed to reflect a fifty-five-year sentence instead of a sixty-five-year sentence because the reporter's record shows that the trial judge imposed a fifty-five-year sentence. We will affirm.

## II. PROCEDURAL BACKGROUND

On November 1, 1996, a grand jury indicted Cox for the offense of aggravated sexual assault of a child under fourteen. On April 27, 1998, Cox entered a guilty plea, and the trial court placed him on deferred adjudication for seven years pursuant to a plea bargain agreement. That same day, Cox signed "Conditions of Community Supervision," which included the conditions that Cox avoid injurious or vicious habits and abstain from the illegal use of controlled substances, marijuana, and cannabinoids or the excessive consumption of alcoholic beverages, report to the community supervision and corrections department of Tarrant County, and attend and participate in sex offender treatment.

On December 15, 1999, the State filed its petition to proceed to adjudication, and on April 12, 2005, the State filed its first amended petition to proceed to adjudication. The State alleged that Cox did not attend sex offender counseling sessions because he was discharged from treatment for failing to attend the counseling sessions, he consumed alcohol in violation of

2

his terms of community supervision, and he did not report to his supervision officer for sixty-five consecutive months.

On October 4, 2007, the trial court held a hearing on the State's motion to proceed to adjudication. Cox pleaded true to the three violations. After both sides presented evidence, the trial court found that Cox did not complete sex offender counseling/treatment, used alcohol in violation of his deferred adjudication conditions, and failed to report to community supervision. The trial court then found Cox guilty of the offense of aggravated sexual assault of a child under fourteen and sentenced him to sixty-five-years' imprisonment. This appeal followed.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

In his first issue, Cox argues that he was denied effective assistance of counsel because at the revocation hearing, his attorney allowed evidence to be admitted which was hearsay, violated the Confrontation Clause, or both.

### A. Standard of Review

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct.

3

2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813). It is not

4

appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable. *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

### B. Analysis

Although a defendant cannot appeal the trial court's decision to adjudicate guilt, he can appeal aspects of the "second phase to determine punishment." *Kirtley v. State*, 56 S.W.3d 48, 51 (Tex. Crim. App. 2001); *see also* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2008). Here, Cox is not appealing the decision to adjudicate guilt; rather, he is complaining only about punishment issues.

Cox argues that he was denied effective assistance of counsel because his attorney did not object during the testimony of Sally Smith, Officer Mitchell Maestes, and Marie Mollett on the basis of hearsay and violation of the Confrontation Clause. However, the record does not reflect Cox's attorney's reasoning and strategy for not objecting to the alleged hearsay and Confrontation Clause violations. *See Hernandez v. State*, No. 02-05-00243-CR, 2006 WL 563247, at *2 (Tex. App.—Fort Worth Mar. 9, 2006, no pet.) (mem. op., not designated for publication); *see also Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007) (holding that counsel's failure to object to hearsay testimony that allegedly violated the Confrontation Clause could have been reasonable trial strategy); *Darby v. State*, 922 S.W.2d 614, 623–24 (Tex. App.—Fort Worth 1996, pet. ref'd) (holding failure to object to inadmissible hearsay could have been trial strategy). Accordingly, the record before us is insufficient to show that Cox's attorney's action were unreasonable or fell below the standard of prevailing professional norms. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2052; *Garza*, 213 S.W.3d at 348. Because Cox cannot show that his attorney was deficient, he cannot demonstrate that his attorney was ineffective under *Strickland*. Thus, we overrule Cox's first issue.

**IV. CORRECTION TO REPORTER'S RECORD**

6

In his second issue, Cox argues that the judgment should be reformed to match the reporter's record, which shows that the trial judge sentenced Cox to fifty-five years rather than the sixty-five years reflected on the judgment. However, after abating the appeal to the trial court, the trial court found that "the reporter's record mistakenly sets out the trial court's oral pronouncement of sentence as fifty-five years[] in the Institutional Division of the Texas Department of Criminal Justice, rather than the sixty-five[-]year sentence actually pronounced." The trial court also found that the corrected reporter's record accurately reflects the proceedings of the trial court and adopted the corrected reporter's record. Because the corrected reporter's record matches the judgment, the sentence reflected in the judgment need not be reformed. We therefore overrule Cox's second as moot.

## V. CONCLUSION

Having overruled both of Cox's issues, we affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

7

DELIVERED: September 25, 2008