Opinion issued December 29, 2005




   


  




In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00783-CR




ISMAEL PATINO, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 930149




MEMORANDUM OPINION

          Appellant, Ismael Patino, appeals from the trial court’s revocation of his
deferred adjudication pursuant to which he was sentenced to ten years’ confinement
for the felony offense of aggravated sexual assault of a child. See Tex. Pen. Code
Ann. §§ 22.021(a)(1)(B)(I), 22.021(a)(2)(B) (Vernon Supp. 2005). Although his
appointed counsel filed an Anders


 brief, appellant, acting pro se, asserts three points
of error concerning his original plea of guilty, entered when he received the deferred
adjudication, and a fourth point of error that complains about the trial court’s decision
to revoke his deferred adjudication. We lack jurisdiction to address appellant’s points
of error. Accordingly, appellant has raised no arguable grounds for appeal, and we
dismiss his appeal.


Procedural Background 
          Pursuant to an agreed plea bargain with the State, appellant pleaded guilty to
the offense of aggravated sexual assault of a child and received five-years’ deferred
adjudication community supervision with a $400 fine on October 6, 2003. Tex.
Code Crim. Proc. Ann. art. 42.12 (Vernon Supp. 2005). Appellant did not attempt
to appeal the trial court’s deferred adjudication sentence.
          Appellant was taken into custody by the Immigration and Naturalization
Service (INS) about six weeks after receiving his deferred adjudication and was
deported on December 19, 2003, but he reentered the United Stated without
permission in March, 2004. The State filed and later amended a motion to adjudicate
guilt alleging violations of appellant’s community supervision. The State’s amended
motion stated that appellant violated the terms and conditions of his deferred
adjudication by (1) committing an offense against the laws of the State of Texas,
namely, giving false identification information to a peace officer on March 24, 2004,



(2) failing to report to his supervision officer as instructed for the months of
December, 2003, and January, 2004, and (3) failing to pay various fees and his fine. 
On May 27, 2004, appellant pleaded true to the violations alleged without an agreed
recommendation from the State. At the sentencing hearing before the trial court,
appellant’s supervision officer and appellant testified. Appellant acknowledged
reentering the United States without permission and giving a false name to the police
officer who arrested him after he returned to the United States, but asserted that he
was not guilty of the aggravated sexual assault to which he had pleaded guilty. 
          The trial court found true each of the allegations stated in the amended motion
to adjudicate guilt, adjudicated appellant’s guilt, and sentenced him to ten years’
confinement. On June 28, 2004, appellant filed a pro se notice of appeal, and the trial
court later appointed appellate counsel to represent appellant. The trial court certified
appellant’s right to appeal by stating that this “is not a plea-bargain case, and the
defendant has the right to appeal.” 
          Appellant’s counsel, who was appointed to represent appellant for this appeal,
submitted a brief stating his professional opinion that the appeal was without merit
and that there were no arguable grounds for reversal on appeal. See Anders v.
California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). The brief meets the
minimum Anders requirements by presenting a professional evaluation of the record
and stating why there are no arguable grounds for reversal on appeal. See Gainous
v. State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Appellant’s counsel sent a
copy of the brief to appellant and notified appellant of his right to review the record
and file a pro se response. Appellant filed a pro se response brief. The State waived
its opportunity to file an appellee’s brief.     
Anders Procedure
          After this Court receives an Anders brief from a defendant’s court-appointed
attorney who asserts that no arguable grounds for appeal exist, we must review the
record to make an independent determination of that issue. Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). We consider any pro se response that the
defendant files to his counsel’s Anders brief, but we do not rule on the ultimate merits
of the defendant’s pro se response. If we determine that there are arguable grounds
for appeal, we must abate the appeal, remand the case to the trial court, and allow the
court-appointed attorney to withdraw. Id. The trial court must then either (1) appoint
another attorney to present all arguable grounds for appeal or (2) allow the defendant
to proceed pro se if the defendant so desires. Id.
Jurisdiction
          In his first three points of error, appellant challenges the validity of his original
plea of guilty, after which he received deferred adjudication. Appellant contends his
plea was invalid because (1) the trial court failed to admonish him properly, (2) he
received ineffective assistance of counsel because his attorney did not admonish him
about the consequences of the plea of guilty, and (3) his deportation following his
receipt of the deferred adjudication made the plea bargain “unenforceable.”
          “[A] defendant placed on deferred adjudication community supervision may
raise issues relating to the original plea proceeding . . . only in appeals taken when
deferred adjudication community supervision is first imposed.” Nix v. State, 65
S.W.3d 664, 667–69 (Tex. Crim. App. 2001) (quoting Manuel v. State, 994 S.W.2d
658, 661–62 (Tex. Crim. App. 1999)).


 An appellant may not raise issues that relate
to the original plea proceeding after an adjudication of guilt. See Vidaurri v. State,
49 S.W.3d 880, 884 (Tex. Crim. App. 2001); see also Tex. R. App. P. 25.2(a)(2). We
therefore conclude that we have no jurisdiction to address appellant’s points of error
challenging his original plea of guilty, following which the trial court imposed the
deferred adjudication.
Trial Court’s Decision to Revoke Community Supervison
          In a fourth point of error filed only a week before the case was submitted to this
court, appellant complains that the trial court abused its discretion by revoking his
deferred adjudication. An appellant cannot appeal the trial court’s decision to
adjudicate guilt, although he may appeal error relating to the “second phase to
determine punishment.” Kirtley v. State, 56 S.W.3d 48, 51 (Tex. Crim. App. 2001). 
Appellant has not asserted any complaints relating to the trial court’s proceedings in
the punishment phase after his adjudication of guilt, and his complaints relate solely
to the trial court’s decision to adjudicate his guilt. We therefore lack jurisdiction to
address appellant’s complaints as they relate to the trial court’s decision to adjudicate
his guilt.

Conclusion
          After reviewing appellant’s pro se responses and conducting an independent
examination of the appellate record, we conclude that there are no arguable grounds
for appeal. Accordingly, we dismiss appellant’s appeal.



 

                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.
Do not publish. Tex. R. App. P. 47.2(b).