Opinion filed March 16, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed March 16, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00096-CR 

                                                    __________

 

                                 CURTIS JOE REYNOLDS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 238th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR29765

 



 

                                                                   O
P I N I O N

This is an appeal from a judgment adjudicating
guilt and assessing punishment.  We
affirm.








Curtis Joe Reynolds originally entered a plea of
guilty to the offense of sexual assault. 
The trial court deferred the adjudication of appellant=s guilt, assessed a $5,000 fine, and
placed appellant on community supervision for ten years.  At the hearing on the State=s motion to adjudicate, appellant
entered a plea of true to the allegation that he had violated the terms and
conditions of his community supervision. 
The trial court accepted the plea and ordered a separate hearing as to
punishment.  The trial court found that
appellant had violated the terms and conditions of his community supervision,
revoked the community supervision, adjudicated appellant=s
guilt, and assessed his punishment at confinement for twelve years.  A fine was not assessed.

Appellant has briefed six points of error.  In his first point, he argues that the trial
court erred  at the punishment hearing by
admitting into evidence a letter he had sent to his mother.  In the second point, appellant contends that
the State=s
argument during the punishment hearing was improper.  In his third and fourth points, appellant
argues that his trial counsel was ineffective and that his original guilty plea
was involuntary.  Appellant challenges in
his fifth point the reasonableness of his bail bond before the adjudication of
his guilt.  And, in his final point,
appellant contends that the punishment assessed after his adjudication is
excessive.

Tex. Code
Crim. Pro. Ann. art. 42.12, '
5(b) (Vernon Supp. 2005) provides:

On violation of a condition of community
supervision imposed under Subsection (a) of this section, the defendant may be
arrested and detained as provided in Section 21 of this article.  The defendant is entitled to a hearing
limited to the determination by the 
court of whether it proceeds with an adjudication of guilt on the
original charge.  No appeal may be taken
from this determination.

 

Kirtley v. State, 56 S.W.3d 48, 51 (Tex. Crim. App. 2001);
Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Olowosuko v.
State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992).  Therefore, this court lacks jurisdiction to
consider appellant=s third
point to the extent that it challenges the effectiveness of trial counsel prior
to the adjudication of guilt.  Kirtley,
56 S.W.3d at 51; Phynes, 828 S.W.2d at 2; Russell v. State,
702 S.W.2d 617 (Tex. Crim. App. 1985). 
Further, appellant may not attack his underlying guilty plea in the
direct appeal from the judgment adjudicating his guilt and assessing
punishment.  Jordan v. State, 54
S.W.3d 783, 785 (Tex. Crim. App. 2001); Manuel v. State, 994 S.W.2d 658,
659 (Tex. Crim. App. 1999).  This court
lacks jurisdiction to consider the fourth point of error. 

Article 42.12, section 5(b) further provides that,
after the adjudication of guilt, Aall
proceedings, including assessment of punishment, . . . continue as if the
adjudication of guilt had not been deferred.@  Therefore, we can consider appellant=s remaining points.  Kirtley, 56 S.W.3d at 51; Phynes,
828 S.W.2d at 1 n.1.








No testimony was offered at the punishment
hearing.  The State offered a letter
appellant had written and mailed to his mother while he was confined  in the Midland County Detention Center.  The exhibit was admitted without any
objection.  Appellant then offered three
exhibits:  a notice of unfavorable
decision from the Social Security Administration; a letter brief from Chris
McCormack, attorney at law; and appellant=s
medical records from the Permian Basin Community Centers.  No objections were made to these
exhibits.  The State waived its opening
closing argument, and counsel for appellant argued that serious treatment
rather than confinement would help appellant Alearn
to cope with his problems.@  Counsel also stated that even the victim
wanted to see appellant on deferred adjudication.  The State responded that it agreed appellant
needed a structured environment and suggested that Athat
environment be confinement for a very long time.@  The State argued that appellant had already
been given an opportunity by originally being placed on deferred adjudication
community service and that he was not able to comply with the simplest terms
and conditions of his community service. 
The State concluded by arguing that appellant:

Defendant,
above all else, is a con artist.  He=s got problems, no doubt about it, but
the bottom line is he=s
cold, calculating and he=s
a rapist. 

 

He was put on deferred, he got that chance, the
State wanted to help this Defendant, and he spit in the State=s face, and quite frankly, Your Honor,
he spit in your face by the minute you released him from jail after he pled,
what did he do?  He took off.  Didn=t
even give Mr. Bush the courtesy of even showing up over at probation to be set
up so that we could start him on his probation. 
He simply didn't show up. 
Basically thumbed his nose at this Court, thumbed his nose at the
system, and now, now that you have the ability to send him away for 20 years,
now all of a  sudden he needs help.  We tried to give him that help, Your
Honor.  Bottom line is he=s dangerous. 

 

We respectfully ask this Court to put him in
prison and put him in there for as long as you can possibly do.  That=s
where he belongs.

 

No objections were made during closing arguments.

Appellant has failed to preserve for appellate
review his complaints in his first and second issues.  Tex.
R. App. P. 33.1.  Both issues are
overruled.

Appellant=s
argument challenging the amount of his bail bond after his arrest on the
motion  to adjudicate and pending the
hearing on the motion to adjudicate is moot. 
The fifth point is overruled.








In his third and sixth points, appellant attacks
the trial court=s
assessment of punishment.  Appellant
contends that confinement for twelve years is an arbitrary and unreasonable
amount of time and that the trial court was prejudiced by appellant=s Amental,
emotional, and sexual tendencies.@  Moreover, appellant contends that his trial
counsel rendered ineffective assistance by failing to call the mental heath
professionals whose records were admitted into evidence as witnesses.

In a case where the defendant is first placed on
deferred adjudication community supervision and then later adjudicated guilty,
the trial court is not prohibited from assessing a longer sentence upon the adjudication
of guilt than was assessed when the adjudication of guilt was first deferred. Ditto
v. State, 988 S.W.2d 236, 239-40 (Tex. Crim. App. 1999).  Article 42.12, section 5(b) provides that,
once guilt is adjudicated, the case then proceeds as though adjudication of
guilt was never deferred.  Therefore, as
to punishment, the defendant is subject to the entire range of punishment for
the offense once he is adjudicated guilty. 
Ditto, 988 S.W.2d at 238-39.

In the present case, the trial court admonished
appellant when he first entered his guilty plea that, if he was later
adjudicated guilty, it could assess punishment up to the maximum authorized by
law.  Sexual assault is a second degree
felony, and the range of punishment is confinement for a term of not more than
twenty and not less than two years. Tex.
Pen. Code Ann. '
12.32 (Vernon 2003), '
22.011 (Vernon Supp. 2005).  An optional
fine not to exceed $10,000 is also authorized. 
Section 12.32.  The punishment
assessed by the trial court C
confinement for twelve years C
is well within the range of punishment established by the legislature for a
person convicted of a second degree felony. 
The record does not support appellant=s
contentions that this punishment was arbitrary, unreasonable, or
excessive.  The sixth point is overruled.








In order to determine whether appellant=s trial counsel rendered ineffective
assistance after the adjudication of guilt, we must first determine whether
appellant has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Strickland v. Washington, 466
U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App.
1999).  We must indulge a strong
presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance; and
appellant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Stafford v. State, 813 S.W.2d 503,
508-09 (Tex. Crim. App. 1991).  

At the punishment hearing, trial counsel
introduced voluminous copies of appellant=s
medical records from the Permian Basin Community Centers including doctor=s orders, evaluations, administrative
records, patient contact reports, individual service records, lab reports,
crisp logs, crisis response assessments, discharge summaries, and admission
assessments.  During his closing
argument, trial counsel discussed appellant=s
history of anxiety and depression, his diagnosis of having a bipolar condition,
his troubles with alcohol, and his periods of hospitalization.  Trial counsel suggested that appellant needed
the structure that SAFPF could provide and asked the trial court to afford
appellant the treatment that he needed.

Trial counsel could have reasonably decided that
an appropriate strategy would be to rely on the medical reports instead of the
live testimony of the medical personnel who complete the reports.  The record does not support appellant=s contention that his trial counsel
provided ineffective assistance when he did not call these witnesses.  The third point is overruled.

All of appellant=s
arguments have been considered by this court. 
The arguments that are properly preserved and properly before this court
are overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE         

 

March 16, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.