Affirmed and Memorandum Opinion filed November 25, 2008








Affirmed
and Memorandum Opinion filed November 25, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-01003-CR

NO. 14-07-01004-CR

_______________

 

ISAAC ISAIAH PERKINS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause Nos. 1005520, 1005521


                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

In this
appeal from the hearing on the State=s motion to adjudicate guilt,
appellant Isaac Isaiah Perkins challenges the trial court=s assessment of punishment.  In his
sole issue, appellant asserts his counsel was ineffective at this hearing by
failing to offer any mitigating evidence.  We affirm.








I.  Background

In 2005,
appellant pleaded guilty to two offenses of aggravated assault of a child under
fourteen and was sentenced to ten years= deferred adjudication community
supervision in each case.  For each offense, the State filed motions to
adjudicate his guilt in October 2007, alleging that he violated numerous
conditions of his community supervision.  These allegations included that
appellant: (a) failed to present written verification of his employment, (b)
failed to pay his supervision fees, (c) failed to perform his community service
hours, (d) failed to timely submit to a sex-offender treatment evaluation, (e)
failed to attend sex offender treatment sessions and was discharged from the
treatment program, and (f) had contact with several minor children who were not
his biological children.

The
trial court held a hearing on these motions on November 15, 2007.  During this
hearing, appellant=s community supervision officer, Valerie Banks, testified
regarding the written conditions of appellant=s community supervision.[1] 
Banks stated that, at each of his office visits, appellant did not present
written proof of employment,  in violation of one of the conditions of
community supervision.  She also stated that appellant should have completed at
least 240 hours of community service, but had only completed 138 of these hours
and was Afalling behind@ schedule.  Banks testified that,
according to the conditions of his community supervision, appellant was
prohibited from having contact with minors, except his own biological child. 
His community supervision records indicate that Banks received a telephone call
from a Ms. Edwards, who reported that five young children were residing in the
same house as appellant.  On a home visit to appellant made shortly after
receiving this call, Banks saw five young children exiting appellant=s residence, although she admitted
that appellant was not there when she saw them.    








Banks
also testified that, as a condition of probation, appellant was required to
participate in sex-offender treatment.  She stated that he did not attend
several counseling sessions and had been discharged from the counseling
program.  Banks further testified that appellant told her he was unable to
attend many of the sessions because he lacked transportation, and that he
missed some of them due to an injury requiring hospitalization. 

Alonso
Mable, a counselor with O=Brien Counseling Services, also testified.  He stated that he
was assigned as a counselor to appellant.  According to Mable, appellant did
not consistently attend treatment sessions.  He stated that on the date that
appellant was discharged, appellant had arrived about two and a half hours late
for his counseling.  Mable emphasized the importance of attendance at both
group and individual counseling sessions; he agreed that if sex offenders do
not attend sessions regularly, they cannot come out of denial and accept
responsibility for their actions.  Although Mable testified that appellant was
not making any progress, Mable stated he believed appellant could successfully
complete the program if he made a decision to change, attended sessions
regularly, and put forth an effort.  He also stated that appellant told him his
lack of attendance was caused by transportation and financial problems.  But
Mable also testified that there was a bus stop about two blocks away from O=Brien Counseling and that those
having problems with transportation could Aeasily ride the bus.@  








Sandra
Tillman, appellant=s fiancée, also testified at the hearing.  She stated that
appellant had lived with her until he was placed in jail.  She confirmed that
several children were at her house on the day that Banks was there.  She stated
that the children were her sister=s and that they were there while
their mother was moving residences.  According to Tillman, appellant was
helping her sister move and was not at her house that day.  She explained that
the children were dropped off and picked up by her sister and her sister=s fiancé.  She stated, AI=m not sure where [appellant] was when
they picked [the children] up, but after they dropped them off he was - - I don=t know, I don=t know how he got back to the house,
but he wasn=t with them.@  She further testified that appellant never had contact with
any of these children.  When asked whether her aunt, Patricia Edwards, might
have a reason to think that appellant lived with other children at her house,
Tillman explained, ABecause the house is the family=s house.  Her and my mother - - how
should I put this - - they have ownership over the house since my grandparents
died.  And they=ve been feuding about the house, and she didn=t want him to live there.@  She testified that this feud would
have caused her aunt to fabricate the allegation that appellant had been living
with the children seen at her house.

Finally,
appellant testified that he missed several of his counseling sessions because
he was hospitalized with a staph infection.  He also explained that another of
his absences was due to his car being stolen.  According to appellant, he
missed other sessions because of some deaths in his family.  He also testified
that he made up some of his individual and group sessions on other dates. 
Appellant stated that, on the date Banks came to his residence, the children
she saw there were not living at his house.  He insisted he did not see or have
any contact with the children that day.  He also testified that he had never
been in contact with those children.  Appellant explained that he was having
trouble getting a job because he is on probation for aggravated sexual assault
and that he was having financial problems resulting from his inability to get a
job.  He also testified that he understood the importance of regular attendance
at counseling sessions.  

In closing
argument, appellant=s trial counsel summarized appellant=s position as follows:

Mr. Perkins
would just like to ask that you consider leaving him on probation.  He believes
that if he can get his transportation and his money problems solved, if he can
get a job, he will be able to attend his sex counseling on a regular basis.  He
has been able to attend his probation meetings with his probation officer; but
because his counseling is across town, he=s
had some problems with that.  He=s
also had medical problems.  And he would like another chance to complete his
probation.








The
trial court found that the allegations in the State=s motion to adjudicate guilt were
true and adjudicated appellant guilty as charged in each of the cases.  After
this finding, the following colloquy occurred:

The Court:      Both sides ready to proceed on
punishment?

[State]:            State=s ready.

[Trial Counsel]:         Yes, Your Honor.

[State]:            State would reoffer all the
evidence in the disposition phase of the hearing, and State rests.

The Court:      Mr. Gumberger.

[Trial Counsel]:         I have no objection. 
My objections and all the rulings be included.

The Court:      Your objections at the primary stage
will be included, and my rulings will be the same . . . .  Do you have anything
- - arguments?

[State]:            State waives opening.

[Trial Counsel]:         Same arguments as we had
before.

(emphasis added). 
Additionally, before pronouncing sentence, the trial court offered appellant
the opportunity to speak.  Appellant addressed the court as follows:

First time
I was sent away from O=Brien Counseling I talked to you on the stand.  You
told me the most important thing in being on probation is going to your
counseling.  At that time I was - - I was going to work.  And I had tried to
commit suicide, and Mr. Mable told me to get my medication.  He said I can=t treat you if you did not have your medication.  That
was the first time I was terminated.  I got my medication.  I was going to
group.  And then after that, after I got back on the - - back into group, I
started having the car problems and all that other stuff.  I am sure that I can
do this probation.

The
trial court sentenced appellant to twenty-five years= confinement for each count, to run
concurrently, in the Texas Department of Criminal Justice, Institutional
Division.  This appeal timely ensued.








II.  Issue Presented

In a
single issue, appellant asserts that he received ineffective assistance of
counsel at the punishment stage of the hearing because his counsel allegedly
failed to present any mitigation evidence after the trial court adjudicated him
guilty.

IV.  Analysis

A.        Ineffective Assistance of
Counsel

As a
preliminary matter, we note that nothing prohibits an appellant from claiming
ineffective assistance of counsel during a punishment hearing after
adjudication of guilt on appeal.  Kirtley v. State, 56 S.W.3d 48, 51B52 (Tex. Crim. App. 2001).  We review
a claim of ineffective assistance of counsel under the standard set forth in Strickland
v. Washington. 466 U.S. 668 (1984).  Under Strickland, an appellant
must prove by a preponderance of the evidence that counsel=s representation fell below the
objective standard of prevailing professional norms and that there is a
reasonable probability that, but for counsel=s deficiency, the result of the proceeding
would have been different.  Id. at 687.  The Strickland standard
applies to ineffectiveness claims regarding trial counsel=s performance at both the guilt‑innocence
and the punishment stages of trial. Hernandez v. State, 988 S.W.2d 770,
772B74 (Tex. Crim. App. 1999) (en banc). 








Confronted
with a silent record, we must begin our review with the strong presumption that
defense counsel=s actions were motivated by sound trial strategy. See
Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  We sustain
allegations of ineffective assistance only if firmly founded in a record that
affirmatively demonstrates the alleged ineffectiveness.  McFarland v. State,
928 S.W.2d 482, 500 (Tex. Crim. App. 1996) (en banc), abrogated on other
grounds by Mosley v. State, 983 S.W.2d 249, 263 n. 18 (Tex. Crim. App.
1998) (en banc). The record on direct appeal is usually inadequate to overcome
the presumption and show that counsel=s conduct fell below an objectively
reasonable standard of performance. Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002).   But if the attorney=s conduct was so outrageous that no
competent attorney would have engaged in it, then defense counsel=s performance falls below an
objective standard of reasonableness as a matter of law, regardless of whether
the record adequately reflects the attorney=s subjective reasons for the act or
omission.  See Goodspeed, 187 S.W.3d at 392.

B.        Application

Appellant
asserts that his counsel was ineffective because he failed to present any
witnesses during the punishment phase.  Appellant claims his counsel could have
called him to the stand to explain his attempts to avoid contact with children,
as well as his sister-in-law, who allegedly could have testified that appellant
was not around her children.

A
defendant may base an ineffective assistance claim on an attorney=s failure to present witnesses only
if the defendant can show that the witnesses were available and their testimony
would have benefitted the defendant.  See Ex parte McFarland, 163 S.W.3d
743, 758 (Tex. Crim. App. 2005) (en banc).  Nothing in the record supports
appellant=s claim that his sister-in-law was available to testify or would have
testified beneficially for him.  Cf. Rangel v. State, 972 S.W.2d 827,
837B39 (Tex. App.CCorpus Christi 1998, pet. ref=d) (concluding that the appellant
failed to meet his burden of presenting the court with record to show
ineffective assistance at punishment phase by establishing availability of
beneficial witnesses who were not called through motion for new trial and affidavit).









Moreover,
as noted above, the evidence and argument from the hearing on the State=s motion to adjudicate guilt were
re-offered before the punishment phase.  And appellant himself testified at the
adjudication of guilt hearing regarding his efforts to meet the conditions of
probation, one of which was to avoid contact with children.  Further, appellant
addressed the trial court prior to the trial court=s pronouncement of his sentence,
stating that he was Asure@ he could Ado this probation.@  Appellant has not identified
anything else about which he would have testified that would have affected the
trial court=s determination of his punishment.  Additionally, appellant=s trial counsel presented mitigation
evidence during the adjudication phase of the hearing through both
cross-examination of the State=s witnesses and the testimony of appellant and his fiancée.  Cf.
Hardeman v. State, 1 S.W.3d 689, 690B91 (Tex. Crim. App. 1999)
(determining that the appellant could not establish harm from his counsel=s lack of objection to the trial
court=s failure to provide a separate
punishment hearing when the appellant presented mitigating evidence during the
adjudication of guilt hearing).

Under
these circumstances, appellant has failed to establish his trial counsel was
ineffective.  We therefore overrule his sole issue.

IV.  Conclusion

Having
concluded that appellant failed to establish his counsel was ineffective at the
punishment phase of his hearing on the State=s motion to adjudicate his guilt, we
affirm the trial court=s judgment.

 

 

/s/        Eva M. Guzman

Justice

 

 

Judgment rendered and Memorandum
Opinion filed November 25, 2008.

 

Panel consists of Chief Justice Hedges
and Justices Guzman and Brown.

 

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  Appellant=s probation records were admitted into evidence.